THE STATE OF MISSOURI, Respondent, v. GEORGE MOHR, Appellant.

Kansas City Court of Appeals, November 6 and December 4, 1893.

1. **Gaming:** INDICTMENT: IDEM SONANS. "Mohr" and "Moores" are not *idem sonans*, and an indictment charging "Mohr" with permitting gaming in a room of which "Moores" had possession and control, is bad.

2. **Idem Sonans:** RULE. Names are *idem sonans* when the attentive ear finds difficulty in distinguishing them when pronounced in ordinary usage.

*On Motion for Rehearing.*

3.  **Gaming**: INDICTMENT. Whether an indictment for permitting the setting up of a gaming device would be sufficient by simply alleging that the house was occupied by the defendant, *quære;* and whether occupancy is tantamount to control, *quære;* but the indictment in this case negatives defendant's control by alleging possession and control in another.

*Appeal from the Callaway Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED.

*Bailey & Tincher* for appellant.

The indictment charges that, "one George Mohr" did, etc., in a room in which the said "George Moores" had the possession, etc. "George Mohr" and "George Moores" are not "*Idem Sonans*;" are different persons, and for this the indictment is bad. 16 American and English Encyclopedia, p. 122.

*R. F. Walker* and *Morton Jourdan* for respondent.

The indictment in this case clearly charges the offense of which the defendant has been convicted, and the judgment should be affirmed.

ELLISON, J.—Defendant was indicted, tried and convicted under section 3810, Revised Statutes, 1889, for unlawfully permitting a gaming device to be used for gaming in a building in his possession and control. The indictment charged that "George Mohr on" etc., "at" etc., "did unlawfully permit a certain gambling device" etc., "to be used for the purpose of gaming, in a certain building there situate and in a certain room in the said building by him occupied, and of which said room in said building he, the said George Moores, then and there had the possession and control," etc.

Are "Mohr" and "Moores" *idem sonans?* We are of the opinion that they are not. It matters little how names are spelled, they are *idem sonans,* within the meaning of the authorities, if the attentive ear finds difficulty in distinguishing them when pronounced in ordinary usage. *Chamberlain v. Blodgett,* 96 Mo. 484. If there is no such difficulty they are not of the same sound. There is no difficulty whatever in distinguishing the pronunciation of the two names set forth in this indictment. The addition of the letter "s" in the latter name makes it different in fact and in sound from the first.

In *The King v. Samuel Shakespeare,* 10 East. 83, where the defendant was indicted as Samuel Shakepear, it was held fatal. Lord ELLENBOROUGH said: "That the final 'e' might not make a material difference, but the omission of the 's' in the middle makes it a differently sounding name from the true one." The names Frank and Franks were held not to be the same name nor alike in sound. *Parchman v. State,* 2 Texas App. 228. So of Wood and Woods, *Neiderluck v. State,* 21 Texas App. 320. So of Wilkin and Wilkins, in *Brown v. State,* (Court of App. Texas, 1889). And so of Humphrey and Humphreys, in *Humphrey v. Whitten,* 17 Ala. 30.

The misdemeanor as defined by the statute is the setting up a gaming device in any house of which the defendant has "at the time the possession and control." In this indictment the possession and control is alleged to be in a George Moores, who is not the defendant. There was, therefore, no misdemeanor charged and a conviction cannot be sustained.

Other points were made by defendant which are not necessary to notice. Many of them could not be noticed, as they were not saved by an exception to order overruling the motion for a new trial.

Reversed. All concur.

## ON MOTION FOR REHEARING.

ELLISON, J.—The statute on which this indictment is based, section 3810, is as follows: "Every person who shall permit any gaming table, bank or device to be set up or used for the purpose of gaming in any house, building, shed, booth, shelter, lot or other premises to him belonging or by him occupied, or of which he hath at the time the possession or control, shall, on conviction, be adjudged guilty of a misdemeanor and punished by imprisonment in the county jail or workhouse for not more than one year nor less than thirty days, or by fine not exceeding $500 or less than $50.

It is now contended by the state that the indictment at bar is sufficient by stopping at the words "by him occupied" and rejecting as surplusage the words which immediately follow them, viz: "and of which said room in said building he, the said George Moores, then and there had the possession and control." Passing by the question, whether the rule as to surplusage has any application to a defect of the nature here complained of, we will dispose of the motion on grounds considered in the opinion. It will be noticed that the statute and the indictment are not levelled at the party setting up the device himself, but at the party who permits it to be done in a house. *State v. Gilmore*, 98 Mo. 211, 214. It is not necessary to say, as contended by the state, that this indictment would have been sufficient by simply alleging that the house was occupied by the defendant. It may be (though we do not say) that to allege that the house was occupied by defendant would be tantamount, under the statute, to saying it was under his control. But certain it is that to permit anything to be done in a house means the power to control the house; and whether saying that one occu-

pies a house or room, without more, is equivalent to saying he is in control of it, need not be decided, since in this case the indictment itself negatives that defendant was in control by expressly alleging the room to have been in the possession and under the control of another party.

The motion should be overruled.