THE STATE v. McLAUGHLIN, Appellant.

Division Two, February 12, 1901.

1. **Bawdy House: DISPLAY OF BUSINESS SIGN.** The statute, sec. 2201, R. S. 1899, making it a felony to expose or display, upon the outer wall, etc., of an assignation or bawdy house, any painted or printed sign of an honest occupation, whereby any decent person may be deceived or inveigled into such house, does not make it necessary, in order to constitute the offense, to charge and prove that some decent person was in fact deceived or inveigled into such house by the sign.

2. ———: ———: **LOCALITY MUST BE PLEADED.** The indictment in this case did not advise the defendant where the bawdy house was situated upon which she displayed the sign, "Boarding," save that it was in Greene county. The instruction was somewhat more specific in that it required the jury to find it was "on Campbell street in the city of Springfield." *Held*, that the indictment was bad in not alleging the locality of the bawdy house on which the sign was displayed, *and* that this defect was not cured by the instruction.

Vol 160 mo—3

State v. McLaughlin.

3. ———: ———: INSTRUCTION: PARTICIPATION IN CRIME. An instruction, in such case, that permitted the jury to find the defendant's house to be a bawdy house, if one or more women boarded with her and received men in her house for sexual intercourse and paid her a certain amount of the money received, without requiring the State to show that the defendant knew such facts or was privy to their conduct, was erroneous.

Appeal from Greene Criminal Court.—*Hon. C. B. McAfee,* Judge.

REVERSED AND REMANDED.

*Wear & McGregor* for appellant.

(1) Instruction 2 does not declare the law properly, since it makes the defendant the keeper of a bawdy house if women boarded with her and paid defendant a part of the money received by them from men for sexual intercourse whether the defendant had knowledge or not of their conduct with men; or had knowledge of how and for what purpose the money was obtained.   (2) The indictment is too indefinite, and does not sufficiently notify defendant as to what she is to defend against. The house upon which the sign is alleged to have been painted should have been described or located.   State v. Wacker, 16 Mo. App. 417.   And should be sufficiently definite to put the defendant in possession of the charge for which he is held to answer.   State v. Rochforde, 52 Mo. 199.   Some description of the place affected or acted upon is necessary in felonies. An indictment for keeping a ferry without license must specify upon what stream or river the ferry was kept.   Wheat v. State, 6 Mo. 455; State v. Hogan, 31 Mo. 340; State v. Leedy, 95 Mo. 76; State v. Welch, 28 Mo. 600; State v. Kroeger, 47 Mo. 530; State v. Maupin, 57 Mo. 205; State v. Jones, 68 Mo. 197; St. Louis v. Fitz, 53 Mo. 582; State v. Fisher, 58 Mo. 256.   In all prosecutions for felonies, everything constituting the offense must be pleaded with certainty

and clearness; nothing must be left to be implied.   State v. Rector, 126 Mo. 328; State v. Evans, 128 Mo. 406; State v. McGinnis, 126 Mo. 564.   It being necessary to aver the names of persons deceived, the indictment does come within the rule, "that in statutory offenses every essential fact constituting the offense should be averred."   State v. Kirby, 115 Mo. 440; State v. Gabriel, 88 Mo. 631.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) Instruction 2, though perhaps somewhat incomplete because of its failure to state that to authorize a conviction defendant must have known of the conduct of the inmates and that the money paid by them to her was accepted by her with the knowledge as to how it was obtained, yet that omission in the instruction was fully supplied and cured by the third instruction given on behalf of the defendant.   The two instructions are in no respect inconsistent or contradictory.   (2) (a) The indictment sufficiently apprises the defendant of what house she is charged with displaying the sign on, in that it describes it as the house occupied by Lib McLaughlin and by her at a specific time.   (b) It was not necessary for the indictment to aver that any particular person was deceived or inveigled into the house, nor indeed is it necessary that any person ever was so deceived; the offense under the statute consists in displaying the sign of an honest business on a bawdy house so as to make it possible for decent people to be inveigled in.

GANTT, J.—The defendant was indicted in the criminal court of Greene county for a violation of section 2201, Revised Statutes 1899.   She was duly arraigned, and pleaded not guilty.   Upon a trial she was convicted and sentenced to two years' imprisonment in the penitentiary.

The indictment, omitting caption, was as follows:

"The grand jurors of the State of Missouri, impaneled, sworn and charged to inquire within and for the body of Greene county, upon their oath present, that Mrs. Mary Mc-Laughlin and Lib McLaughlin, late of the county and State aforesaid on the ——— day of July, A. D., 1899, at the county of Greene and State of Missouri, being then and there the joint keepers and persons in charge of a house and building at said time ordinarily used as a common assignation house and common bawdy house, did feloniously expose and display, and cause to be exposed and displayed and knowingly permit to be exposed and displayed, upon the outer wall of said house and building, a certain painted and printed announcement and sign of an honest occupation and business, which sign and announcement is as follows, to-wit, 'Boarding,' by which said announcement and sign any decent person may and might be deceived and inveigled into the said infamous house and building, the honest occupation and business displayed by said announcement and sign being that of boardinghouse keeper. Contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

There was evidence tending to prove that the defendant kept a boarding house in the city of Springfield, and that two bawds boarded with her and plied their vocation, with her knowledge. This the defendant stoutly denied, and proved by other witnesses that she kept a reputable boarding house, and that the two women who testified against her had threatened to injure her all they could.

The court, over defendant's objection and exceptions, instructed the jury as follows:

"1. You are instructed that if you believe from the evidence that the defendant, Mrs. Mary McLaughlin, at any time within three years next before the finding of this indictment,

at the county of Greene and State of Missouri, was the keeper or the person in charge of a certain house and that said house was at the time ordinarily used as a common assignation house or common bawdy house, and that said defendant did expose or display or cause to be exposed or displayed or knowingly permit to be exposed or displayed, upon the outer wall of such house, any painted, printed or written announcement or sign of any honest occupation or business, to-wit, 'Boarding' or 'Boarding and Lodging,' whereby any decent person may be deceived or inveigled into such house so ordinarily used as a common bawdy house or common assignation house, you will find the defendant, Mrs. Mary McLaughlin, guilty as charged in the indictment, and assess her punishment at imprisonment in the penitentiary for a term of not less than two years or more than ten years.

"2.    You are instructed that if you believe from the evidence that the defendant, Mrs. Mary McLaughlin, was the keeper of a certain house on Campbell street in Springfield, Missouri, and that while she was such keeper, one or more women boarded with her and received men in said house for the purpose of having sexual intercourse, and paid the defendant, Mrs. Mary McLaughlin, a certain part of the money received, then such house was a bawdy house.

"3.    The court instructs the jury, that in passing upon the question as to whether the house of Mrs. McLaughlin, the defendant, was used for the purpose of a bawdy house, they should consider the character of the inmates and the persons resorting to the same.

"4.    You are instructed that if you believe from the evidence that the defendant, Mrs. Mary McLaughlin, at any time within three years next before the finding of this indictment, acted as a mistress or having the care, use or management of a certain house on Campbell street in Springfield, Greene county, Missouri, and you further find that at such time said

house was a bawdy house, then the defendant was the keeper of such bawdy house.

"5.   You are instructed that it is no defense in this case that the defendant did in fact take boarders and give meals to the public, if you should further find that prostitutes were kept there and plied their trade and divided money received by them with the defendant.

"6.   You are instructed that if you have a reasonable doubt of defendant's guilt, you should acquit; but a doubt, to authorize an acquittal on that ground, ought to be a substantial doubt touching defendant's guilt, and not a mere possibility of her innocence.

"7.   You are instructed that you are the sole judges of the credibility of the witnesses and of the weight and value to be given to their testimony.   In considering such credibility, weight and value, you will take into consideration the character of the witness, his or her manner on the witness stand, his or her interest, if any, in the result of the case, his or her relation to the case and parties, the probability or improbability of his or her statements, together with all the facts and circumstances given in evidence in the case; and in this connection you are instructed that if you believe from the evidence that any witness has willfully testified falsely as to any material fact in the case, you are at liberty to disregard the whole or any part of such witness's testimony.

"8.   You are instructed that the defendant is a competent witness in her own behalf, but in determining the weight to be given her evidence, you will take into consideration the fact that she is the party on trial and the interest she has in the result of the case."

The court then gave the following instructions for and at the request of the defendant:

"1.   The court instructs the jury that the indictment

in this case is a mere formal charge, and that you should not consider it as any evidence of the guilt of the defendants or either of them whatever.

"2.   You are the sole judges of the credibility of the witnesses, and of the weight to be attached to any witness's testimony; and in passing upon and .weighing the same you may consider the interest, bias or prejudice, if any, of such witness in the case, together with the good or bad character for virtue and chastity, or for truth and veracity, according as the same has been shown in evidence; and if you believe any witness has willfully sworn falsely to any material fact in issue, then you may disregard the whole or any part of such witness's testimony.

"3.   The court instructs the jury that although you may believe that persons of ill fame and bad repute boarded with the defendant and paid her therefor at the rate of two dollars per week, yet this alone will not justify you in returning a verdict of guilty in this cause; but you must find and believe from the evidence that she knowingly suffered and permitted said boarders to occupy and use the rooms of the said house for the purpose of prostitution and having sexual intercourse, and that she received pay for the use of the rooms for such purposes, and that such sign was displayed for such purpose of prostitution."

I.   Is the indictment sufficient?   To determine this question reference must be had to the statute upon which the prosecution relies.   It is section 2201, Revised Statutes 1899, which is:

"Sec. 2201.   *Displaying signs to inveigle in, felony.* Every keeper or person in charge of any house or building at such time ordinarily used as a common assignation house, or common bawdy house, who shall expose or display, or cause to be exposed or displayed, or knowingly permit to be exposed or displayed, upon any outer wall, window, door or

other exterior part of such house or building, any painted, printed or written announcement or sign of any honest occupation, or business, whereby any decent person may be deceived or inveigled into such infamous house or building, shall upon conviction, be adjudged guilty of a felony, and punished by imprisonment in the penitentiary for a term of not less than two years nor more than ten years."

The purpose of the statute is evident upon its face. It was intended to protect innocent and decent people from being deceived or inveigled into a common bawdy house under the impression that it was a reputable boarding house or a house in which some honest occupation was carried on.

The display of the sign of an honest occupation on a common bawdy house, or assignation house, is the offense. The statute does not admit of the construction placed upon it by defendant that in order to constitute the offense it was necessary to charge and prove that some decent person was in fact deceived or inveigled into such house by the sign.

But the point now to be determined is the sufficiency of the indictment as a criminal pleading. It is to be observed that the crime is statutory, but it is necessary to state the facts constituting the offense with sufficient particularity to advise the defendant of the particular charge which she is required to meet.

The pleader did not advise the defendant where the building was situated upon which she displayed the sign, "Boarding," save that it was in Greene county. The instruction was somewhat more specific in that it required the jury to find it was "on Campbell street, in the city of Springfield."

The offense denounced by this statute is local. The statute was enacted to prevent the displaying of a sign of an honest occupation on a bawdy or assignation house.

The very gist of the offense is the honest sign on the

infamous house.    If then, the defendant is entitled to know the nature and cause of the accusation, how can less be required of the grand jury than to designate the house by some appropriate designation on which the alleged sign was painted, printed or written?

The charge is a felony and we think that this indictment is radically defective in not charging the locality of the house with sufficient particularity.    The instruction did not cure this defect in the indictment.

No inconvenience can result to the prosecuting attorneys in requiring them to observe a rule of criminal pleading so easily followed, and we can readily conceive how its non-observance might lead to serious wrong to a defendant.    Our conclusion is the indictment is bad, in not alleging the locality of the alleged bawdy house on which the alleged sign was displayed.

II.    The second instruction for the State was erroneous in that it permitted the jury to find the defendant's house was a bawdy house because one or more women boarded with her and received men in her house for sexual intercourse and paid her a certain part of the money received, without requiring the State to show that defendant knew the said facts or was privy to the said conduct.    Moreover, it was in direct conflict with instruction 3 for defendant, which announces the true rule of law in the premises.

III.    There are other points for reversal, on the admission of evidence, which do not inhere in the case at all, and can scarcely arise on another trial, if a new indictment shall be preferred, and it is deemed unnecessary to discuss them.

The judgment is reversed and the cause remanded.    *Sherwood, P. J.,* and *Burgess, J.,* concur.