## THE STATE v. HUNT, Appellant.

### Division Two, July 3, 1905.

1. **INFORMATION: Arson: Place of Crime.** An information for arson which states that the "prosecuting attorney within and for the county of Douglas, in the State of Missouri, informs the court that" defendant, "in the said county of Douglas, did then and there . . . set fire to and burn a certain house of public worship there situate," is sufficient to inform defendant that the burning was done in the State of Missouri, without repeating the words "in the State of Missouri." The words "then and there" together with the words "there situate" clearly show that the offense was committed in Douglas county, Missouri, and the caption to the information shows that it was filed in said county and State.

2. ———: ———: **House of Worship: Location of Building.** An information for arson of a church which alleges that it was a house of public worship, in said county, the property of the General Baptist Church, and erected for the public worship of God, charged all that was necessary in order to inform defendant of the particular church which he was charged with burning.

3. ———: ———: ———: **Ownership: Unnecessary Allegation.** A house of public worship does not belong to the class of buildings in respect of which it is necessary to allege ownership in charging arson of the same. And the allegation, in an information for the burning of a church, that it was "the property of the General Baptist Church" is immaterial and should be disregarded.

4. **INSTRUCTION: Limitation: Error Favorable to Defendant.** Where, in order to authorize a conviction, the offense must have been committed within three years next preceding the filing of

Vol 190 mo—23

the information, and the information was filed on the 8th day of September, 1904, and the court instructed the jury to convict if they found that defendant committed the offense within three years prior to the 26th day of September, 1904, the error, if such it can be called, was an error in defendant's favor, of which he can not be heard to complain.

Appeal from Douglas Circuit Court.—*Hon. Jno. T. Moore,* Judge.

**AFFIRMED.**

*Burkhead & Clarke* for appellant.

(1)    The information does not charge that the alleged burning was done in the State of Missouri. This must be done, if for no other purpose than to show that the situs of the offense is within the jurisdiction of the court.    Collins v. State, 6 Tex. App. 647; Robins v. State, 9 Tex. App. 663; State v. Conley, 39 Me. 78; Cook v. State, 20 Fla. 802; Thompson v. State, 51 Miss. 353; State v. Ames, 10 Mo. 743; State v. Walker, 14 Mo. 398. (2)    The accused is not informed by the information of the particular act concerning which he must prepare his proof for defense.    The information should identify the building by describing the particular location or by the name of the owner or occupant.    State v. Wacker, 16 Mo. App. 417; State v. Kindrick, 21 Mo. App. 507; State v. Cassity, 49 Mo. App. 300; Wheat v. State, 6 Mo. 455; State v. Hogan, 31 Mo. 340; State v. Jones, 68 Mo. 197; McGary v. People, 46 N. Y. 153; Stratton v. State, 13 Ark. 688; State v. Welch, 28 Mo. 600; State v. Krueger, 47 Mo. 530; State v. Rockforde, 52 Mo. 199; State v. Maupin, 57 Mo. 205; State v. Raymond, 54 Mo. App. 425; State v. Stegall, 65 Mo. App. 243; State v. Ellis, 71 Mo. App. 269; State v. Fugate, 66 Mo. App. 625; State v. Rector, 126 Mo. 328; State v. Hogan, 164 Mo. 654; State v. Shierauf, 167 Mo. 429; State v. Gassord, 103 Mo. App. 143.    (3)    The building is not identified by charging or averring ownership.

State v. Pollock, 105 Mo. App. 273. (4) The information was filed on September 8, 1904, and the court instructed the jury to convict the defendant if they found that he had committed the act within three years prior to September 26, 1904, which was error. State v. Pollock, 105 Mo. App. 273.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

(1) The information sufficiently charges the fact that the crime was committed in the State of Missouri. R. S. 1899, sec. 2527; Kelley's Crim. Law, p. 396; State v. Ames, 10 Mo. 460; State v. Goode, 24 Mo. 361; State v. Simon, 50 Mo. 370; State v. Dawson, 90 Mo. 149. (2) The information identified sufficiently the building which is alleged to have been burned by charging that it is a house of public worship, the "property of the General Baptist church in said county, and erected for public use, to-wit, for the public worship of God." The particular location of the building is not necessary to be alleged. (3) No prejudicial error was committed in instructing the jury to convict defendant if they found that he had committed the act within three years prior to September 26, 1904, the date when the amended information was filed.

BURGESS, P. J.—On the 8th day of September, 1904, the prosecuting attorney of Douglas county, Missouri, filed an information in the circuit court of said county charging the defendant with the crime of arson in setting fire to and burning a church building in said county on or about the 16th day of June, 1904. Thereafter, on September 26, 1904, he filed an amended information by leave of court, charging the defendant with the same offense. Upon trial had, the defendant was convicted of the crime charged, and his punishment fixed at five years imprisonment in the State peniten-

tiary.   After unsuccessful motions for new trial and in arrest, the defendant saved his exceptions, and appeals.

On Thursday, the 16th day of June, 1904, a country Baptist church was destroyed by fire in the said county of Douglas, State of Missouri. It appears from the evidence that the defendant owned and had in his possession a horse, the right hind foot of which had some peculiarity, in that it seemed to turn in, or, rather, to one side, and when the horse walked or ran it made a "winding track." The day before the building was burned there had been a rain, and witnesses for the State testified that the horse's tracks were found leading from the direction of the town of Arnold up to the hitching place near the church, and back again toward Arnold. The defendant lived about three and one-half miles northwest from the church, and west of the town of Arnold, which was two and one-half miles from the church. A witness for the State, by the name of G. P. Everhart, measured the foot of the defendant's horse on one occasion when it was ridden to his house by a son of defendant, and he testified that the tracks leading up to and away from the church corresponded to and fitted the measurements of the horse's foot. It seems that some time before the building was burned the defendant's son had been arrested for disturbing religious worship at this church, and defendant made various threats about its destruction in the event the prosecution was not stopped. About two weeks before the fire he stated to witnesses who testified in behalf of the State that if this was not done the church house would be burned to ashes, and said: "I will stop the Sunday school and prayer-meeting, both." The prosecution was not dismissed, and about two weeks thereafter the church was destroyed by fire. There was other evidence as to the measurements of the horse's foot and the correspondence thereof with the measurements of the tracks seen near the church, and also as to the threats made by defendant that the church would be burned

down if the suit against his son was not dismissed. The evidence also showed that the shoes of the horse had been removed before the burning of the building.

The defense was an alibi, and several members of the defendant's family testified that he was at home on the night of the burning of the building, but the testimony was not exactly in accord as to the hour he went to bed.

The information upon which defendant was convicted was, in substance, as follows:

"In the circuit court of Douglas county, Missouri, September term, 1904.

"Fred Stewart, prosecuting attorney within and for the county of Douglas, in the State of Missouri, informs the court that J. W. Hunt, on or about the 16th day of June, 1904, in the said county of Douglas, did then and there unlawfully, wilfully and feloniously set fire to and burn a certain house of public worship there situate, of the property of the General Baptist Church, in said county, and erected for public use, to-wit, for the public worship of God; against the peace and dignity of the State."

The information is assailed upon various grounds, but only such of them as seem to be worthy of consideration will be noticed. One of these is that the information does not charge that the alleged burning was done in the State of Missouri, and does not, therefore, show that the situs of the offense was within the jurisdiction of the court. After stating in the information that "Fred Stewart, prosecuting attorney within and for the county of Douglas, in the State of Missouri, informs the court that J. W. Hunt, on or about the 16th day of June, 1904, in the said county of Douglas, did then and there," etc., it was wholly unnecessary to again repeat "in the State of Missouri." By section 2527, Revised Statutes 1899, it is provided: "It shall not be necessary to state any venue in the body of any indictment or information; but the county or other jurisdiction named

in the margin thereof shall be taken to be the venue for all the facts stated in the body of the same." The words "then and there," together with the words "there situate," clearly mean that the offense was committed in the county of Douglas, State of Missouri, as the caption to the information shows that the information was filed and the prosecution had in Douglas county, Missouri, and practically the same allegations appear in the first part of the information itself. Indictments similar in form have frequently been held valid by this court. [State v. Ames, 10 Mo. 460; State v. Goode, 24 Mo. 361; State v. Simon, 50 Mo. 370; State v. Dawson, 90 Mo. 149.]

Nor was it necessary that the particular location of the building, alleged in the information to have been burned, be set forth therein. The allegation that it was a house of public worship, situate in said county, the property of the General Baptist Church, and erected for the public worship of God, was all that was necessary in order to advise defendant of the particular church which he was charged with burning. The information alleges that the building was owned by the General Baptist Church, and it is contended by defendant that, as that church is not an individual or a corporation, the building is not identified by charging or averring ownership. This case, however, does not come within the range of defendant's argument, in that the building referred to in the information does not belong to that class of buildings in respect of which it is necessary to allege ownership. The information in this case is drawn under section 1875, Revised Statutes 1899, which divides the buildings named therein into different classes. Following the first classification are the words "of another," while the clause which refers to houses of public worship, colleges, schools and other public buildings is not followed by such words or words of similar import. It was not necessary, therefore, to the validity of the information

that ownership should have been alleged, and the allegation that the church was "the property of the General Baptist Church" is immaterial and should be disregarded.

In State v. Moore, 61 Mo. 276, this court said:

"All that the ends of justice required was that the building should be sufficiently identified by the allegation of the indictment, and that those allegations should find support in the testimony adduced, and this was done. It would be as absurd as it would be impossible to require grand jurors in finding, and prosecuting attorneys in preparing, indictments, or courts, during the progress of a criminal trial, to go into nice and critical examinations as to the ownership of real property. Were this allowed, offenders would frequently 'go unwhipped of justice,' in consequence of the tangled intricacies of the title to a piece of land." State v. Roe, 12 Vt. 93, is very much in point upon this feature of the case. The defendant in that case was indicted and convicted for burning a certain meeting-house belonging to the First Calvinistic Congregational Society, in Burlington, erected for public use, to-wit, for the public worship of Almighty God, under a statute making it a felony to set fire or burn such a building with a felonious intent. It was held to be unnecessary to allege in the indictment that such building was of, or belonged to any particular person or persons or corporation, and that all that allegation was surplusage in the indictment.

To authorize a conviction the offense must have been committed within three years next preceding the filing of the information, and as the first information in the case was filed on the 8th day of September, 1904, and the court instructed the jury to convict the defendant if they found that he had committed the offense within three years prior to the 26th day of September, 1904, the day upon which the amended information was filed, it is contended that the court committed reversible error in giving such instruction. We are unable to

appreciate the force of this contention, because if an error at all, it was in favor of the defendant, in that it gave him the benefit of eighteen days in time that he would not have gotten if the instruction had told the jury that in order to convict the defendant it devolved upon the State to show that the offense had been committed within three years prior to the time of the filing of the information on the 8th day of September, 1904, and the defendant cannot be heard to complain of such error, if such it was.

The instruction upon reasonable doubt is in the form often approved by this court, and the objection urged against same is without merit. [State v. Duncan, 142 Mo. 456; State v. Garrison, 147 Mo. 548; State v. Cushenberry, 157 Mo. 168; State v. Smith, 164 Mo. 579.]

Finding no reversible error in the record, we affirm the judgment.

All concur.