## STATE OF MISSOURI, Respondent, v. BART RAM-SAUER, Appellant.

**Springfield Court of Appeals, January 3, 1910.**

1. **CRIMINAL LAW: Misdemeanors: Instructions.**  The statute which requires the court to instruct the jury upon all questions of law arising in the case which are necessary for the jury's information in giving their verdict, applies only to felony cases. In a misdemeanor case it devolves upon the defendant to prepare and present to the court instructions on questions which he thinks are involved in his case.

2. ———: **Indictment: Allegations in Motion to Quash: Matters Dehors Record Must Be Proven.**  Allegations in a motion to quash, which set up facts *dehors* the record, do not prove themselves, but the pleader must offer proof thereof. In the absence of such proof, they are not before the court for consideration.

3. ———: ———: **Following Language of Statute.**  The general rule is that an indictment charging the commission of an offense that is created by statute is good if it follows the language of the statute. The exception is that if the statute creating the offense uses generic terms in defining it and does not individuate the offense with such particularity as to notify the defendant of what he is to defend against, then an indictment in the language of the statute is not sufficient.

4. ———: ———: **Indictment for Operating Gaming Device: Designation of Building or Place.**  An indictment which charges defendant in the language of the statute (section 2196, Revised Statutes 1899) with having permitted a certain gaming device to be set up and used for the purpose of gaming in a certain building and room by him occupied and under his control, is good and is not objectionable as not sufficiently designating the building, or failing to charge the place where defendant permitted the gaming device to be set up and used.

5. **APPELLATE PRACTICE: Duty to Follow Supreme Court.**  It is the duty of the Court of Appeals to follow the latest holding of the Supreme Court.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright*, Judge.

AFFIRMED.

140 App.—26

*M. R. Lively* for appellant.

(1) The misdemeanor as defined by the statute is the setting up of a gaming device in any house of which the defendant has "at the time the possession and control," which is not charged in this indictment. State v. Moore, 55 Mo. App. 326; R. S. 1899, sec. 2196. (2) An offense created and defined by the statutes must be charged in the language of the statute, or in language of equivalent import. State v. Etchman, 184 Mo. 193. (3) This indictment does not allege and charge that the defendant was at the time the device was used then in possession and control of the room or building. R. S. 1899, sec. 2196; Constitution, Art. 2, sec. 22; State v. Nunley, 185 Mo. 102; State v. McLaughlin, 160 Mo. 33. (4) The second motion to quash charged the indictment was illegal and void in not being properly presented and considered by a proper grand jury, in this, that it permitted Miss Anna Campbell to be present during the examination, and to take the notes in shorthand, carry them away from such grand jury room and transcribe them and return them; that allegation is for the purposes of this case admitted to be true as it is charged in the pleading of the defendants; that act vitiates and renders void the indictment from its very inception. State v. Sullivan, 110 Mo. App. 75; State v. Faulkner, 185 Mo. 673; R. S. 1899, sec. 2497.

COX, J.—Defendant indicted, tried and convicted of a misdemeanor, under section 2196, Revised Statutes 1899, and has appealed to this court. The indictment, omitting the caption, is as follows:

"The grand jurors for the State of Missouri, empanelled, sworn and charged to inquire within and for the body of the County of Jasper and State aforesaid, upon their oath, present and charge that Bart Ramsauer, late of the county aforesaid, did on the —— day of October, 1907, at the County of Jasper and State

of Missouri, then and there unlawfully permit a certain table and gaming device called a pack of cards, designed and used for the purpose of playing games of chance for money and property, to be set up and used for the purpose of gaming in a certain building and room there situate and by him occupied and under control of him, the said Bart Ramsauer, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State."

Defendant filed a motion to quash, alleging the following grounds:

"The indictment fails to charge defendant with any offense against the laws of the State of Missouri, and for the reason the indictment fails to charge the place where defendant did permit a table and gaming device to be set up and used, and fails to charge the time.

"The indictment is illegal and void for the reason the grand jury that returned the same was without authority in law, not having been lawfully and legally impaneled and drawn, and for the reason that the grand jury permitted to be present during the examination of the witnesses upon which said indictment is based, permitted Miss Anna Campbell to be present, a stenographer, during such examination and to take such evidence in shorthand and take such notes away from such grand jury, she not being a member of such grand jury, said indictment being void."

This motion was overruled, which action of the court is now assigned as error. Error is also assigned in the giving of the instructions, and it is also claimed that the court failed to instruct the jury upon all questions of law necessary for their information in arriving at a verdict as provided by statute, Session Acts 1901, page 140. Error is also assigned in the admission and exclusion of testimony.

Upon a careful examination of this record we conclude there was no error in admitting or rejecting testimony, nor was there any error committed by the court

in not instructing the jury upon all questions of law. The jury were instructed in a way that defined the offense, placing the burden of proof upon the State to prove the defendant guilty beyond a reasonable doubt, and also that circumstantial evidence must be so strong that no other reasonable conclusion could be drawn therefrom than that of the guilt of the defendant, the credibility of the witnesses, the competency of defendant as a witness in his own behalf; all of which instructions were unobjectionable, and we see nothing in the record which would require an instruction upon any other question. Furthermore, if defendant desired instructions upon any other questions that he thought might have been involved in the case he should have prepared instructions covering those questions and presented them to the court. The statute referred to requiring the court to instruct the jury upon all questions of law arising in the case which are necessary for their information in giving their verdict can only be taken advantage of in a motion for a new trial in felony cases. The statute so provides.

We come now to the consideration of the sufficiency of the indictment. In the motion to quash defendant raised two questions. One is that the indictment is void for the reason that the grand jury was unlawfully and illegally impanelled and drawn, and that they permitted Miss Anna Campbell, a stenographer, to be present in the grand jury room during the examination of witnesses and to take their testimony in shorthand and take such shorthand notes away from the grand jury room with her. As to this objection it is sufficient to say that allegations in a motion to quash which set up facts dehors the record do not prove themselves, and if the pleader desires the court to consider those questions he should offer proof of those allegations. In the absence of such proof they are not before the court for consideration. No evidence was offered in support of this motion, and hence that objection

must fall.  [State v. Faulkner, 185 Mo. l. c. 695, 84 S. W. 967.]

It is also urged that the indictment is bad for the reason that it fails to charge the place where defendant permitted a table and gaming device to be set up and used.  The statute, section 2196, Revised Statutes 1899, under which this indictment is drawn reads as follows:

"Every person who shall permit a gaming table, bank or device to be set up or used for the purpose of gaming in any house, building, shed, booth, shelter, lot or other premises to him belonging or by him occupied, or of which he hath at the time the possession or control, shall, on conviction, . . ."

It will be observed that this indictment charges this defendant with having permitted a certain gaming device to be set up and used for the purpose of gaming in a certain building and room by him occupied, and under control of him, the said Bart Ramsauer.  This is a literal following of the statute.  The general rule is that an indictment charging the commission of an offense that is created by statute is good if it follows the language of the statute.  The exception is that if the statute creating the offense uses generic terms in defining the offense and does not individuate the offense with such particularity as to notify the defendant of what he is to defend against, then an indictment in the language of the statute is not sufficient.  Thus an indictment drawn under a statute making it a misdemeanor to shoot at a mark or at random along or across a public highway is not good if drawn in the language of the statute.  [State v. Hogan, 31 Mo. 340.]  But the particular highway upon which the shooting occurred must be named.  Likewise, an indictment for operating a ferry without license must name the stream upon which the ferry is charged to have been operated; but it has never been held to be necessary to designate the particular place upon the highway or stream named at which the forbidden act was done.  The designation

of the particular highway or stream was notice to the defendant to be ready to meet proof of the forbidden act at any place thereon within the county. So in indictments charging burglary or arson by breaking into or setting fire to a building, the property of another, it has never been thought necessary to describe the location of the building with any greater accuracy than to charge it as being located in the county and give the name of the owner, and this would notify the defendant to be ready to meet proof as to a burglarizing or burning any building in the county belonging to the person named even though that person might be the owner of a great number of buildings.

In this case the statute is leveled against the permitting to be set up of gaming devices and is individuated by being confined to a building to defendant belonging or by him occupied, or of which he hath at the time the possession or control. Certainly the designation of a building, in the language of the statute, as one occupied and controlled by the defendant, is as particular and notifies defendant of what proof he may be expected to meet as definitely as does the indictment held to be good in either of the cases above mentioned. Furthermore, indictments in the same form as this one, under the same or a similar statute, have been held good in a number of cases in this State. [See State v. Skaggs, 33 Mo. 92; State v. Fulton, 19 Mo. 680; State v. Mohr, 55 Mo. App. 325; State v. Dyson, 39 Mo. App. 297.]

In the case of the State v. Hunt, 190 Mo. 353, 88 S. W. 719, defendant was charged with burning a house of public worship under section 1875, Revised Statutes 1899. The only designation in the information of the location of the building was that it was a Baptist church, located in the county. This was held to be sufficient. Surely the designation of a building, as one occupied and controlled by defendant and situate in the county, is as definite as to location as to describe

it as a Baptist church situate in the county, as was done in the Hunt case.

We are referred by appellant's counsel to the case of State v. McLaughlin, 160 Mo. 33, 60 S. W. 1075, as an authority to sustain his position in this case. The indictment in that case was under a different section, to-wit: 2201, which employs different words in defining the offense from the statute now under consideration, and the learned judge who wrote the opinion in that case makes no reference to the cases above cited wherein indictments, under this and similar sections of the statutes, have been held good, and, we, therefore, conclude that he did not intend to overrule them, nor did he intend to lay down any rules of construction that would be applicable to any section of the statutes other than the one then under consideration.

We shall hold this indictment good. If it be claimed that we are in conflict with the decision of the Supreme Court in the McLaughlin case, our answer is that we are in harmony with that court in the Hunt case, supra, and as this is the later case it is our duty to follow it. There is no pretense in this case that he did not as a matter of fact know what the charge against him was. The record shows that he did make his defense. The jury has found against him as the result of a trial which, as shown by the record, was fair and impartial, and we do not feel called upon to apply a strained construction to the indictment upon which the defendant was convicted in order that he may now escape the penalty of the law. Nor is there anything in the record to indicate that any right guaranteed to him by the Constitution or statutes of this State has been denied him. The evidence abundantly shows the guilt of the defendant. The judgment is affirmed. All concur.