### JULIA GUTHRIE v. THE STATE.

No. 4222. Decided October 25, 1916.

#### 1.—Disorderly House—Charge of Court—Election by State.

Where, upon trial of keeping a house for prostitution, the information only contained one count, but the court permitted the State to prove three separate transactions, and failed to limit the evidence to one transaction, but authorized the jury to convict defendant for any one of the transactions, without requiring the State to elect, the same was reversible error.

#### 2.—Same—Rule Stated—Pleading—Proof—Election by State.

If the information had contained three counts, alleging the offense to have occurred at different dates, in accordance with the proof offered, no election could have been required, but as defendant was charged with committing only one offense, she should have been placed on trial for only one offense. Following Golden v. State, 160 S. W. Rep., 957.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of two hundred dollars.

The opinion states the case.

*McCutcheon & Church,* for appellant.—Cited cases in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited, . Stokely v. State, 37 Texas Crim. Rep., 638; Wimberly v. State, 53 id., 11.

HARPER, JUDGE.—Appellant was convicted of keeping a house where prostitutes were permitted to resort and reside. There was only one count in the information, and it charged the offense to have occurred on or about October 10, 1915.

The State called Policeman McCullough, and he testified to visiting the house at 2905 Gaston Avenue, when Mrs. Guthrie resided there, and testified to facts which would authorize a finding that she permitted prostitutes to resort and reside and ply their vocation there. The State then proved by the officer that prior to this time when appellant lived at 2901 Gaston Avenue he was called to that place, and testified to facts and circumstances which would authorize a jury to find that it was a house where prostitutes were permitted to resort and ply their vocation. The State then proved by the officer that some time ago Mrs. Guthrie lived on Nussbaumer Street, and when she resided there she ran a house of prostitution.

After the State had proven the facts regarding the house at 2905 Gaston Avenue, appellant objected to any proof of the character of houses she had lived in prior to her moving to 2905 Gaston Avenue. The court, we think, correctly admitted the testimony for the reason stated in his qualification to the bills of exception. The court says: "The testimony complained of as to the witness Emma Hable was admitted in evidence before the jury as a circumstance tending to show the knowledge of the defendant as to the kind and character of women she permitted to resort and reside at her home, the testimony showing that the said Emma Hable had resided with the said Mrs. Guthrie at both 2901 Gaston Avenue and 2905 Gaston Avenue. The testimony as to Mrs. Guthrie's stepdaughter and the witness Doris was admitted in evidence as a circumstance tending to show defendant's guilty knowledge." But the court failed to so limit this evidence in his charge to the jury. Instead of doing so, under his charge as given, the jury would have been authorized to convict appellant if she ran such a house either when she lived on Nussbaumer Street, at 2901 Gaston Avenue or at 2905 Gaston Avvenue.

When the State concluded its testimony, the appellant filed a written motion asking the court to require the State to elect on which occasion it would seek a conviction—when she lived on Nussbaumer Street, or

when she lived at 2901 Gaston Avenue, or when she lived at 2905 Gaston Avenue—that she might make her defense as to the time and the place at which a conviction would be asked. The court overruled the motion. When the testimony was closed, appellant renewed the motion, asking the court to require the State to elect at which house the State would seek to convict her as running a bawdy house. This was again overruled. Appellant then asked special charges instructing the jury that she could only be convicted of running a bawdy house at 2905 Gaston Avenue, as this was the first place testified about by the officer. This was refused. In fact, in every conceivable way, appellant sought to have the court to so restrict the issue in the case that she could be convicted only in the event they found she ran a house of prostitution when residing at some one of the three places, instead of having the charge so framed the jury would be authorized to convict if they found she ran either of the houses as a bawdy house when she resided in either of them. The court gave a "blanket charge" and refused to confine the State to any one house or occasion.

As they were separate and distinct offenses, occurring at different periods of time and at different houses, although she may have committed the same offense in each of said houses, the court was in error in authorizing a conviction at either of the said houses. If the indictment had contained three counts, alleging the offenses to have occurred at different dates, in accordance with the proof offered, no election could have been required, but she could have been convicted upon each of the counts, this being a misdemeanor. But as she was charged with committing only one offense, she should have been placed on trial for only one offense. We discussed this question fully in Golden v. State, 72 Texas Crim. Rep., 19, 160 S. W. Rep., 957, and do not deem it necessary to do so again.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*