State v. Malloch.

PER CURIAM:—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All of the judges concur.

---

## THE STATE v. FRED MALLOCH, Appellant.

### Division Two, December 6, 1916.

1. **INDICTMENT: Bawdyhouse: Defendant's Knowledge.** An indictment charging that the defendant was the keeper of a common bawdyhouse is not insufficient because it does not charge that he knew the character of the house at the time of the alleged offense.

2. ———: ———: **Evidence of Another Place.** Where the indictment charges that defendant kept a bawdyhouse at the northwest corner of certain streets, and across the street from the hotel on that corner was an annex in the second story, connected with the hotel by an overhead viaduct, there being no charge that the hotel and annex were used in connection with each other as one establishment, it is improper to admit evidence broad enough to cover both buildings.

3. ———: **Instruction: Comment on Evidence: Reputation.** An instruction which singles out certain evidence and gives it prominence is erroneous. And in the prosecution of a defendant for keeping a bawdyhouse and displaying thereon the sign of an honest occupation, an instruction which tells the jury that, in determining whether or not the building described in the indictment was used as a common bawdyhouse, and whether or not the defendant had knowledge of such use, they "may take into consideration the general bad reputation of the inmates of such house for virtue and chastity," etc., is improper, as calling special attention to the bad reputation of the inmates of such house, and telling them they may take such evidence into consideration.

4. ———: **Refusal of Correct Instruction.** An instruction asked by defendant, who kept a hotel, which it is charged was a common bawdyhouse, which tells the jury that "the defendant had the right to furnish lodging and home for the witnesses, Mabel Dennison and Margaret Dale and other women, even though you may find from the evidence that said women were prostitutes and were plying their avocation as such; the only duty that devolved upon the defendant was to not knowingly permit the said women to ply their avocation about his premises and in his hotel building," announces the true rule of law under the circumstances, and should have been given.

Appeal from Greene Criminal Court.— *Hon. B. G. Thurman,* Judge.

REVERSED AND REMANDED.

*Roscoe C. Patterson* and *George Pepperdine* for appellant.

(1) The court erred in failing to sustain defendant's motion to quash the indictment and in failing to sustain the motions for a new trial and in arrest of judgment. State v. McLaughlin, 160 Mo. 33; State v. Olds, 217 Mo. 305. (2) The court erred in permitting the State to impeach the reputation of the inmates for virtue and chastity and of the hotel without requiring the prosecuting attorney to specify who were the people impeached so that the testimony could be specifically met. (2) The court erred in permitting testimony to the effect that people had been arrested in the annex charged with lewdness, the annex being a building not covered by the indictment, but across the street from the hotel in question, said testimony being calculated to prejudice the case of the defendant, and defendant not being responsible in any way for such arrests. (4) The court erred in refusing to give defendant's instruction asked. State v. McLaughlin, 160 Mo. 33; 22 Cyc. 1074.

*John T. Barker*, Attorney-General, and *Kenneth C. Sears* for the State.

(1) The indictment is sufficient. State v. McLaughlin, 160 Mo. 33; State v. Olds, 217 Mo. 305. (2) Evidence as to the reputations of the inmates of a bawdy house is competent. Clementine v. State, 14 Mo. 114; Commonwealth v. Clark, 145 Mass. 251; People v. Hulett, 15 N. Y. S. 631. (3) Evidence as to arrests made in the annexes was competent for the purpose of showing guilty knowledge. Wigmore on Evidence, sec. 301. (4) In order to complain of a failure to instruct upon all the law in this court it is necessary to save an exception to that effect at the time the jury is charged. State v. Pfeifer, 183 S. W. 339; State v. Sloan, 186 S. W. 1002. A building may be a bawdyhouse even though the main business carried on is a hotel. Fitzgerald v. State, 72 S. E. 541. (5) No harmful error was committed by a failure to give instruction A. State v. Smith, 15 R. I. 24.

ROY, C.—The defendant was convicted of keeping a bawdyhouse and displaying thereon the sign of an honest occupation contrary to Revised Statutes 1909, section 4758. He has appealed.

The indictment charges that the defendant kept a bawdy-house at the northwest corner of College and Market Streets in the city of Springfield, and that he displayed thereon the sign "Palace Hotel." It does not expressly charge that the defendant knew that the house was kept for such illegal purposes. That hotel was held by the defendant and his sister under a lease, they owning the furniture. The sister was away. Defendant with his family lived in the hotel and he managed it. The main hotel at the northwest corner of the street crossing contains twenty-four rooms. Across the street from it is what is called the "annex" in the second story, it being connected with the main hotel by an overhead viaduct. There is ample evidence to the effect that for months before the indictment was returned the house was the resort of many persons for illicit sexual purposes, while at the same time it was extensively patronized as a hotel by people who were apparently unaware of the dual nature of the place.

There was evidence tending to show that certain employees of the house managed the illegitimate part of the business without the knowledge or participation of the defendant, but there was evidence also to the contrary.

The State proved by an officer that two people were arrested and taken out of the annex for lewd conduct. To that evidence defendant objected on the ground that the annex was not covered by the indictment. The objection was overruled and there was an exception.

The seventh instruction for the State is as follows:

"The court instructs the jury that the words 'common bawdyhouse or common assignation house,' as used in the indictment and instructions, mean a house where lewd men and women meet and resort for the purpose of having illicit sexual intercourse; and in determining whether or not the house or building described in the indictment was so used, and whether or not the de-

fendant had knowledge of such use, the jury may take into consideration the general bad reputation of the inmates of such house for virtue and chastity, if any such reputation has been shown to your satisfaction by the evidence.''

The defendant asked an instruction marked ''A'' as follows:

''You are instructed that the defendant Fred Malloch had the right to furnish lodging and home for the witnesses, Mable Dennison and Margaret Dale and other women even though you may believe and find from the evidence that said women were prostitutes at the time and were plying their avocation as such. The only duty that devolved upon said defendant was to not knowingly permit the said women to ply their avocation about his premises and in his hotel building.''

It was refused. Another instruction asked by defendant was covered by the instruction given.

I. Appellant says that the indictment is insufficient for the reason that it does not charge that the defendant knew the character of the house at the time of the alleged offense.

Bishop's New Crim. Law (8 Ed.), section 1083, says:

**Indictment.** ''A bawdyhouse is any place, whether of habitation or temporary sojourn, kept open to the public either generally or under restrictions, for licentious commerce between the sexes.'' The law dictionaries, Bouvier, Wharton and Black, say that a bawdyhouse is kept for the purpose of illicit sexual intercourse. The information here charges that the defendant was the keeper of a common bawdyhouse. That is, in effect, a charge that he kept a house for the resort of persons who came for illicit sexual intercourse. The charge presumes and includes such knowledge on the part of the defendant. To keep a house for such purposes certainly means that he had knowledge of the purpose for which the house was used. The indictment in State v. McLaughlin, 160 Mo. 33, was like the one here in that respect. It was not criticised in that respect.

II. In State v. McLaughlin, supra, it was held that the indictment must designate the house on which the sign of an honest occupation or business is displayed. The indictment here complies with that rule. It describes the house as "located at the northwest corner of the intersection of College and Market Streets." Over the objection of the defendant the State was permitted to show that the officers arrested two persons in the "annex" charged with lewd conduct. The annex was across the street from the building described in the indictment, and was not described in the indictment as being used in connection with the main hotel. We do not here decide that the indictment could not have been so drawn as to cover both the main hotel and the annex as being used in connection with each other as one establishment. That was not done. The evidence admitted was broad enough to cover both buildings, while the charge covers but one. Such evidence was improperly admitted.

Evidence of Another Place.

III. Instruction 7 given for the State is improper. It calls special attention to the evidence as to the bad reputation of the inmates of the house and tells the jury that they may take such evidence into consideration.

In State v. Rutherford, 152 Mo. 124, l. c. 133, an instruction was held bad which singled out certain evidence and gave it a marked prominence.

IV. Instruction A asked by the defendant should have been given. The Attorney-General in his brief frankly says of this instruction: "Perhaps it may have to be admitted that abstractly considered there is nothing wrong with the declaration, but its refusal worked no harm."

In State v. McLaughlin, supra, it was said:

"The second instruction for the State was erroneous in that it permitted the jury to find the defendant's house was a bawdy-house because one or more women boarded with her and received men in her house for

sexual intercourse and paid her a certain part of the money received, without requiring the State to show that defendant knew the said facts or was privy to the said conduct. Moreover, it was in direct conflict with instruction 3 for defendant, which announces the true rule of law in the premises.''

The instruction 3 there mentioned was not materially different from the one under discussion.

The judgment is reversed and the cause remanded. *Williams, C.,* concurs.

PER CURIAM:— The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur; *Revelle, J.,* in result only.