## DE FOUR v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. October 6, 1919.)

### No. 3312.

1. CRIMINAL LAW ⟨key⟩1032(5)—OBJECTION TO INDICTMENT NOT MADE BELOW NOT REVIEWABLE.

Any objection because information for keeping a house of ill fame within five miles of a military post, in violation of Act May 18, 1917, § 13 (Comp. St. 1918, § 2019b), and an order of the Secretary of War, did not aver that the offense was committed knowingly, is unavailing; no objection having been made below, and the evidence showing defendant knew the purpose for which the house was used.

2. WAR ⟨key⟩4—EVIDENCE SUSTAINING CONVICTION OF KEEPING HOUSE OF ILL FAME.

Evidence under indictment for violation of Act May 18, 1917, § 13 (Comp. St. 1918, § 2019b), and an order of the Secretary of War, held to justify jury's finding that defendant was keeping a house of ill fame.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied January 5, 1920.

**3.** CRIMINAL LAW ⟨⟩370—EVIDENCE OF OTHER OFFENSES ADMISSIBLE TO SHOW GUILTY KNOWLEDGE.

Defendant, having testified that she did not know of any practice of prostitution in the building, and did not receive the impression that such was the case from certain incidents which occurred in her presence, evidence that she had previously conducted houses of ill fame was admissible, under the rule allowing proof of distinct offenses to rebut an inference of mistake, want of guilty knowledge, wrongful purpose, or innocent intent.

**4.** INDICTMENT AND INFORMATION ⟨⟩3—INFORMATION PERMISSIBLE FOR KEEPING HOUSE OF ILL FAME.

Keeping a house of ill fame not being an infamous crime, necessitating indictment, prosecution therefor on an information is allowable, under Rev. St. § 1022 (Comp. St. § 1686).

**5.** CRIMINAL LAW ⟨⟩15—PROSECUTION AFTER REPEAL OF STATUTE.

After amendment of Act May 18, 1917, there may be prosecution for a prior keeping of a house of ill fame near a military post, contrary to section 13 of that act (Comp. St. 1918, § 2019b), and an order of the Secretary of War; the amendatory statute (Act July 9, 1918 [Comp. St. Ann. Supp. 1919, § 2019b]), not indicating a contrary intention by express declaration or necessary implication, as is necessary under Rev. St. § 13 (Comp. St. § 14), to prevent the repealed statute continuing in force for purpose of such prosecution.

In Error to the District Court of the United States for the First Division of the Northern District of California; Frank S. Dietrich, Judge.

Emily De Four was convicted of keeping a house of ill fame, contrary to Act May 18, 1917, and an order of the Secretary of War, and brings error. Affirmed.

Marshall B. Woodworth, of San Francisco, Cal., for plaintiff in error.

Annette Abbott Adams, U. S. Atty., and James E. Colston, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. [1] It is contended that the information under which the plaintiff in error was convicted is fatally defective in that it contains no averment that the offense was committed knowingly. It charges, among other things, that the plaintiff in error during the months of March, April, and May, 1918, and particularly on or about May 31, 1918, in violation of Act May 18, 1917, c. 15, § 13, 40 Stat. 83 (Comp. St. 1918, § 2019b), and the order of the Secretary of War made and issued on January 17, 1918, did keep a house of ill fame at a certain designated place in San Francisco, within five miles from a military post and fort, to wit, the presidio and Ft. Mason, which were used for military purposes.

"It has been held that in an indictment under an ordinance declaratory of the common law, for keeping a common disorderly house, no scienter need be alleged, for the specific charge of the offense contains within its terms the knowledge of the purpose." 14 Cyc. 497.

Said the Supreme Court of Missouri, in State v. Malloch, 269 Mo. 235, 190 S. W. 266:

"The charge presumes and includes such knowledge on the part of the defendant. To keep a house for such purposes certainly means that he had knowledge of the purpose for which the house was used."

Other cases so holding are Brown v. Toledo, 5 Ohio S. & C. P. Dec. 210; Commonwealth v. Davis, 9 Ky. Law Rep. 494.

The evidence in the case shows knowledge on the part of the plaintiff in error of the purpose for which the house was used. No objection to the form of the indictment was made in the court below, and we hold that the objection cannot now avail the plaintiff in error.

[2] The contention that there was no evidence that the premises were used as a house of ill fame cannot be sustained. The plaintiff in error was keeping a lodging house for men. In the house for a considerable portion of the time was a well-known prostitute, Raymonde Chauvigney. In the presence of the plaintiff in error the Chauvigney woman was seen to solicit a man and take him to one of the rooms in the house which the former kept. The defendant herself, prior to taking charge of the premises, had been a keeper of houses of ill fame, and she and the Chauvigney woman had been associated in that business. There was evidence to show that the Chauvigney woman paid to the plaintiff in error a portion of her earnings. The evidence was, we think, sufficient to justify the jury in finding that the plaintiff in error was keeping a house of ill fame.

[3] Error is assigned to the admission of evidence that the plaintiff in error had previously conducted houses of ill fame. We are of the opinion that such evidence was admissible under the rule that proof of distinct offenses may be received to rebut an inference of mistake, want of guilty knowledge, wrongful purpose, or innocent intent. Golden v. State, 72 Tex. Cr. R. 19, 160 S. W. 957; Guthrie v. State, 80 Tex. Cr. R. 127, 189 S. W. 256; State v. Price, 115 Mo. App. 656, 92 S. W. 174; State v. Mack, 41 La. Ann. 1079, 6 South. 808; Howard v. People, 27 Colo. 396, 61 Pac. 595; State v. Hendricks, 15 Mont. 194, 39 Pac. 93, 48 Am. St. Rep. 666. The plaintiff in error testified that she did not know of any practice of prostitution in the building, and did not receive the impression that such was the case from certain incidents which occurred in her presence, one of which was the solicitation of a man by the Chauvigney woman, and that she did not know that the Chauvigney woman was a prostitute.

[4] We find no merit in the contention that the offense here involved could not lawfully be prosecuted upon information. At common law an information will lie for any misdemeanor, but not for a felony. 4 Blackstone Com. 310. The Constitution provides that infamous crimes shall be punished upon a presentment or indictment of a grand jury. Where there is no constitutional provision in the way Congress may authorize any crime to be prosecuted upon information. Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89. Section 1022, Rev. Stat. (Comp. St. § 1686), provides:

"All crimes and offenses committed against the provisions of chapter 7, title 'Crimes,' which are not infamous, may be prosecuted either by indictment or by information filed by a district attorney."

The offense for which the plaintiff in error here is prosecuted is not an infamous crime, and while it is not one of those which are defined in chapter 7 of the Revised Statutes, section 1022 is evidently intended to include all offenses which are not infamous. It is so held in Ex parte Wilson and in Weeks v. United States, 216 Fed. 295, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524; United States v. Waller, Fed. Cas. No. 16,634, 1 Sawy. 701; United States v. Block, Fed. Cas. No. 14,609, 4 Sawy. 211; United States v. Lindsay Wells Co. (D. C.) 186 Fed. 248.

[5] Nor do we find merit in the contention that the judgment is void for the reason that section 13 of the act of May 18, 1917 (40 Stat. 83, c. 15 [Comp. St. 1918, § 2019b]) and any order rule or regulation of the Secretary of War made and issued thereunder, have been repealed by virtue of the ending of the war and the cessation of the "present emergency," and by the enactment of the amendatory act of July 9, 1918 (40 Stat. 885, c. 143, subc. 14 [Comp. St. 1918] § 2019b, appendix). The plaintiff in error is charged with violation of the order of the Secretary issued under the Act of May 18, 1917. Section 13, Rev. Stat. (Comp. St. § 14), provides:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

The offense of which the plaintiff in error was accused is alleged to have been committed on June 3, 1918. Notwithstanding the act of July 9, 1918, the former statute remains in force for the purpose of sustaining prosecutions for offenses committed thereunder. It is true that section 13 has only the force of a statute of Congress, and as observed by the court in Great Northern R. Co. v. United States, 208 U. S. 462, 28 Sup. Ct. 313, 52 L. Ed. 567:

"Its provisions cannot justify a disregard of the will of Congress as manifested either expressly or by necessary implication in a subsequent enactment."

In that case the court held that the provisions of section 13 are to be treated as if incorporated in and as a part of subsequent enactments of Congress, and that, under the general principle of construction requiring effect to be given to all parts of a law, that section must be enforced as forming a part of such subsequent enactments, except in those instances where either by express declaration or necessary implication such enforcement would nullify the legislative intent. Legislative intent to disregard section 13 is not to be found in the mere fact that in Act July 9, 1918, it is provided that "all acts or parts of acts inconsistent with the provisions of this act are hereby repealed." Such a repeal as that is expressly contemplated by section 13. In brief, it is the purpose of that section not to place a limit upon the power of succeeding Congresses, but to prescribe a rule of construction which shall be binding upon the courts, in substitution of the common-law rule in all cases where the repealing statute does not express a contrary intention.

United States v. Lair, 195 Fed. 47, 115 C. C. A. 49; United States v. Delaware, L. & W. R. Co. (C. C.) 152 Fed. 269; Lang v. United States, 133 Fed. 201, 66 C. C. A. 255; United States v. N. Y. Cent. & H. R. Co. (D. C.) 153 Fed. 630; United States v. Standard Oil Co. (D. C.) 148 Fed. 719.

We find no error. The judgment is affirmed