### PROPER v. JOHN BENE & SONS, Inc., et al.

(District Court, E. D. New York. March 10, 1924.)

Druggists ⪢5—Damages not recoverable for injury to business of selling misbranded drug.

An action cannot be maintained to recover damages for causing loss of profits from the sale in interstate commerce of a drug the label on which contained false statements as to its therapeutic properties, and which was therefore misbranded, and its sale illegal, under Food and Drug Act, § 1, and section 8, as amended by Act Aug. 23, 1912 (Comp. St. §§ 8717, 8724).

At Law. Action by Nathan Proper, doing business as the Proper Antiseptic Laboratory, against John Bene & Sons, Inc., and others. On motion to strike out parts of answer. Denied.

See, also, 295 Fed. 729.

Edward P. Sobel, of New York City, for plaintiff.
Frederick N. Van Zandt, of New York City, for defendants.

GARVIN, District Judge. Plaintiff has moved for an order striking out parts of defendants' answer. This suit is brought upon two causes of action; the first being based upon defendants' alleged attempt to monopolize the trade in disinfectants in such a manner as to violate the act of Congress approved July 2, 1890, known as the Sherman Anti-Trust Law (Comp. St. §§ 8820–8823, 8827–8830), and the second upon an alleged fraudulent criminal combination and conspiracy by defendants to prevent lawful competition in the sale of disinfectants in such manner as to violate said law. The motion is to strike out a defense to each cause of action.

The complaint alleges that plaintiff began the manufacture of an antiseptic preparation in the year 1916, at Cincinnati, Ohio, which was offered for sale under the trade name of "Daxol," which was shipped into and through different states to various purchasers in direct competition with a product known as "Hydrogen Peroxide," a disinfectant used externally upon wounds on the human body, manufactured by defendant John Bene & Sons, Inc.; that he invested a large sum of money, and by December, 1918, had built up a business of great value; that the defendants then had made chemical analyses of plaintiff's

product and delivered copies thereof to certain of plaintiff's customers; that as a result plaintiff's business was destroyed.

Defendants allege, as separate defenses to each cause of action, as follows, the paragraphs being numbered as in the answer:

"For a separate and distinct defense to the plaintiff's first alleged cause of action, the defendants allege:

"Tenth. Upon information and belief, the plaintiff manufactured, advertised, and sold a liquid product which he designated by the trade-name "Daxol," to various persons. firms, or corporations in various states of the United States during the period specified by him in his amended complaint herein, and shipped said product when thus sold from his place of business in the city of Cincinnati, state of Ohio, to such persons, firms, or corporations in various states of the United States.

"Eleventh. That during said period plaintiff manufactured, advertised, and sold said liquid product as aforesaid as a 'New American Antiseptic—Stronger Than Peroxide' preparation, and represented it to be 'an effective antiseptic, germicide, styptic, deodorant, nontoxic, noncaustic' preparation; that said liquid product represented 'the highest chemical skill in producing a most potent antiseptic, similar to the one in use at hospitals at the European fronts and recognized to be the greatest medical discovery of the age'; that said preparation was for the beneficial use by human beings for the removal of rust stains from metal and linen,' for 'sore and inflamed eyes,' for 'scrubbing and cleaning' sick rooms, for 'cuts, open wounds, and ulcers,' 'sore throat,' 'abscesses and boils,' 'washing the mouth and teeth,' 'catarrh in the nose' and 'hay fever,' 'mosquito and insect bites,' 'leuchorrhea and kindred affections,' 'earache,' removal of 'odors,' for 'pimples and blackheads or any skin affection,' and the plaintiff further represented that, to obtain the best results from said liquid product, 'use "Daxol" as often as possible' and plaintiff during said period caused a paper label to be printed and affixed to each bottle containing said liquid product that was thus sold by him to said various persons, firms, and corporations, and on said paper label the plaintiff caused to be printed the representations specified and in the language quoted in this paragraph of defendants' answer.

"Twelfth. That said liquid product was manufactured, advertised, and sold by the plaintiff during said period as aforesaid in competition with the liquid product generally known as 'peroxide of hydrogen,' which was manufactured, advertised, and sold during said period and prior thereto by the defendant John Bene & Sons, Inc., and the plaintiff also sold said liquid product during said period as aforesaid in competition with all other persons, firms, and corporations that manufactured and sold a product for similar use by human beings.

"Thirteenth. That said liquid product, manufactured, advertised, and sold by the plaintiff as aforesaid, was falsely branded and falsely labeled by him, and was known by him to be falsely branded and falsely labeled when he advertised and sold said product as aforesaid, and the sale of said liquid product by the plaintiff as aforesaid thus falsely branded and thus falsely labeled constituted a fraud upon the purchasing public and the use of unfair methods of competition with respect to the defendant John Bene & Sons, Inc., and all other persons, firms, and corporations that manufactured and sold a product for similar use by human beings.

"Fourteenth. That the manufacture and sale by the plaintiff of said liquid product called 'Daxol,' during the period as aforesaid and branded and labeled as aforesaid was a fraudulent imposition upon the purchasing public and upon the defendant John Bene & Sons, Inc., and all other persons, firms, and corporations that manufactured and sold a product for similar use by human beings, and the conduct of said business by the plaintiff and the methods employed by him in the conduct thereof were unlawful, and any profit made by him in said business during said period, if any profit he did in fact make, was profit gained in the conduct of an unlawful business, and that the plaintiff has suffered no damage, and can suffer no damage, by reason of the loss of profit in the conduct of an unlawful business whether due to the alleged acts of the defendants or otherwise.

"For a separate and distinct defense to the plaintiff's second alleged cause of action. The defendants allege:

"Fifteenth. Repeat and reallege the allegations set forth in paragraphs designated "tenth," "eleventh," "twelfth," "thirteenth," and "fourteenth" of their separate and distinct defense to the plaintiff's first alleged. cause of action."

Plaintiff claims that these allegations are either incompetent, irrelevant, or immaterial, or all three, and that the defenses thereby attempted to be raised are insufficient in law on the face thereof. Defendants contend that the allegations of the answer sought to be struck out set forth that plaintiff's was an unlawful business, that any profits arising therefrom were obtained by the conduct of such unlawful business, and that any loss of profits of this nature cannot be recovered.

It must first be determined whether the pleadings allege that plaintiff's business was unlawful. Defendants allege that plaintiff's product was falsely branded and labeled and that when sold thus falsely labeled it constituted a fraud on the public. Misbranding of drugs is unlawful. Barnes' Federal Code, § 8335 (Comp. St. § 8718). "Daxol," as described, must be held to be a drug. Plaintiff asserts that a medicinal preparation is not misbranded, within the act, merely because of a misrepresentation on the label as to its curative effect, citing the case of United States v. Johnson (D. C.) 177 Fed. 313. Since this decision, however, the act has been amended by chapter 352 of the Act of August 23, 1912, 37 Stat. 416 (Comp. St. § 8724).

Section 8 originally (34 Stat. 771) read as follows:

"The term 'misbranded,' as used herein, shall apply to all drugs, or articles of food, or articles which enter into the composition of food, the package or label of which shall bear any statement, design, or device regarding such article, or the ingredients or substances contained therein which shall be false or misleading in any particular, and to any food or drug product which is falsely branded as to the State, Territory, or country in which it is manufactured or produced.

"That for the purposes of this act an article shall also be deemed to be misbranded:

"In case of drugs:

"First. If it be an imitation of or offered for sale under the name of another article.

"Second. If the contents of the package as originally put up shall have been removed, in whole or in part, and other contents shall have been placed in such package, or if the package fail to bear a statement on the label of the quantity or proportion of any alcohol, morphine, opium, cocaine, heroin, alpha or beta eucaine, chloroform, cannabis indica, chloral hydrate, or acetanilide, or any derivative or preparation of any such substances contained therein."

By said amendment a paragraph has been added to section 8, which reads:

"Third. If its package or label shall bear or contain any statement, design, or device regarding the curative or therapeutic effect of such article or any of the ingredients or substances contained therein, which is false and fraudulent."

This amendment has been construed and upheld. United States v. Newton Tea & Spice Co. (D. C.) 275 Fed. 394; Seven Cases v. United States, 239 U. S. 510, 36 Sup. Ct. 190, 60 L. Ed. 411, L. R. A. 1916D, 164.

299 F.—55

The courts are not open to him who violates a law, to recover damages which he could not claim to have sustained, except for his illegal act as a direct result thereof. Plaintiff's proof will necessarily establish that only by a violation of the law could he make the profits for the loss of which he sues. If defendants succeed in establishing the defenses alleged, plaintiff cannot prevail.

Motion denied.