## The People v. William Murphy.

*Verification of information—Immediate outcry—Charge to jury.*

1. Where an information was verified before the clerk of the court the objection that in signing the jurat he did not add his official title is waived if not taken before trial and conviction.

2. In a prosecution for robbery the testimony of the complaining witness that he told detectives of it immediately after it took place need not be accompanied by the particulars of his statement.

3. If it is claimed that a trial judge, in charging the jury, was mistaken in assuming that certain concessions and admissions had been made, his attention should have been called at the time to his misstatement, for where the record does not show error it cannot be presumed.

Error to the Superior Court of Grand Rapids. (Parrish, J.) April 22.—April 29.

Information for robbery. Defendant brings error. Affirmed.

*James E. McBride* for respondent appellant. The authority of an officer administering an oath should appear by the addition of his official title to his signature : *Jackson v. Stiles* 3 Cai. 128 ; the credibility of evidence of admissions is for a jury : *Newell v. McLarney* 49 Mich. 232.

Attorney General *Moses Taggart* for the People. It is the duty of a trial judge to call the jury's attention to the bearing of the testimony : *Hayes v. Homer* 36 Mich. 376 ; *Campau v. Langley* 39 Mich. 451; *Demill v. Moffat* 45 Mich. 410.

Cooley, C. J. The information in this case appears to have been verified before the person who at the time held the office of clerk of the court, but in signing the jurat he neglected to attach his title of office. It is therefore assigned for error in this Court that the information was fatally defective for want of verification. No such objection was taken before trial and conviction, and it must therefore be deemed waived. *Lambert v. People* 29 Mich. 71.

The prosecutor was permitted to testify that he told detectives of the robbery of which he had been made a victim immediately afterwards, but he did not testify to the particulars of his statement to them.     There was no error in this.  *People v. Wallin* 55 Mich. 497, decided at the last term.

The following paragraph in the charge of the court was excepted to :

"It seems to me that from the course of the argument, and the course which this case has taken, that there is very little for the court to say to you in reference to it.     The question involved is simply a question of fact, which is always a matter to be left entirely with the jury.     The court has nothing to do with the facts; the court simply deals with questions of law ; and, as I understand the case, it is conceded substantially that a robbery was committed, and the question for you to determine is whether the respondent was connected with that robbery ; and that depends upon the testimony the prosecution have offered,—the testimony of a witness as to this respondent's admissions concerning the transaction,— and it is for you to weigh and determine the force of these admissions."

It is argued that this charge took from the jury the question whether a robbery had in fact been committed; but it will be observed that the judge is only speaking of what he understands to be substantially conceded before him ; and if he was in error in this, he should have been undeceived at the time.     We have no means now of determining whether he was in error or not, and we cannot presume error.

It is also argued that the charge assumes that certain admissions were made, and only left to the jury the determination of their force.     But this criticism we think over-nice.     Here, again, the party should have called the attention of the judge to the danger of the jury being inadvertently misled, if it was thought any such danger existed.

We find no error in the record, and the conviction is affirmed.

The other Justices concurred.