## UNITED STATES v. ADAMS EXPRESS CO.

(District Court, D. Massachusetts.   October 1, 1915.)

### No. 878.

1. **INDICTMENT AND INFORMATION** ⊂⊃52(1)—**REQUISITES—NECESSITY OF VERIFICATION.**

Under Act Aug. 20, 1912, c. 308, 37 Stat. 315 (Comp. St. 1913, §§ 8752–8764), authorizing the Secretary of Agriculture to establish quarantine boundaries against plant diseases, and forbidding carriers receiving for transportation goods covered by the Secretary's regulations unless inspected and certified, an information charging an express company with a violation, upon which no warrant of arrest was asked, need not be sworn to, and, affidavits annexed thereto in support of the information being unnecessary, any insufficiency or informalities in them was not ground for quashing the information.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 163; Dec. Dig. ⊂⊃52(1).]

2. **AGRICULTURE** ⊂⊃9½, New, vol. 4 Key-No. Series—**PLANT DISEASES—QUARANTINE REGULATIONS—VIOLATIONS.**

Under Act Aug. 20, 1912, authorizing the Secretary of Agriculture to promulgate regulations specifying classes of nursery stock subject to quarantine, and making it illegal for a carrier to receive for transportation any class of nursery stock specified in the notice of quarantine and not inspected and certified in the prescribed manner, it is not an offense for a carrier to receive for transportation uninspected deciduous nursery stock, where the quarantine regulations do not specify deciduous nursery stock, and the notice of quarantine does not cover such stock.

Information by the United States against the Adams Express Company.   On demurrer and motion to quash.   Demurrer sustained.

George W. Anderson, U. S. Atty., and James A. Hatton, Asst. U. S. Atty., both of Boston, Mass.

Choate, Hall & Stewart, of Boston, Mass., for defendant.

MORTON, District Judge.   This is an information for violation of chapter 308 of the United States Statutes of 1912 (37 Statutes at Large 315 [Comp. St. 1913, §§ 8752–8764]), which authorizes the Secretary of Agriculture to establish, by regulations to be made by him from time to time, quarantine boundaries against dangerous plant diseases and insect pests, and forbids common carriers to receive for transportation goods covered by such regulations unless such goods have been inspected and the package containing them is certified by the proper officers.   The information alleges that the defendant did receive for such transportation nursery stock which had not been inspected and which bore no certificate as required by the act, and that the defendant knew that the box which it received for transportation, and which bore no certificate, contained nursery stock.

[1] The information is made by the United States attorney and is not sworn to.   The defendant is a corporation.   Upon the filing of the information, a summons was issued directing the defendant to appear and answer to it.   No warrant of arrest was asked for.   The

defendant has moved to quash the information upon the grounds, in substance, that the affidavits annexed to the information do not justify the inference that the defendant had violated the law, and that it no-where appears that the person before whom the affidavits were made was a notary public.

In Weeks v. U. S., 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915B, 651 (C. C. A. 2d Circuit), it was held, upon a full examination of the authorities, that an information under the Pure Food and Drugs Act, upon which no warrant for arrest was asked for, did not have to be sworn to. As to the points here involved, no substantial distinction has been pointed out between proceedings under that act and proceedings under the act here in question. It seems to me that the reasoning and conclusion of the Weeks Case are right, and are applicable to this case, that no affidavits were necessary in support of the information here in question, and that it ought not to be quashed on account of insufficiency or informalities in them.

[2] The fourth ground of the motion to quash is that the information does not state that the consignment of nursery stock alleged to have been received by the defendant for transportation was such as required inspection and certification. This question was also raised by a separate demurrer. The statute itself does not forbid shipments of "deciduous nursery stock," which is the expression used in the information. It provides, in substance, that the Secretary of Agriculture shall promulgate regulations specifying, inter alia, what classes of nursery stock are subject to quarantine, and that it shall be illegal for a common carrier to receive for transportation "any class of nursery stock * * * specified in the notice of quarantine" (section 8), except such as has been inspected and certified in the prescribed manner. The quarantine regulations in question in this case were issued by the Secretary of Agriculture on June 24, 1913. "Deciduous nursery stock" is not specified therein, nor is the notice sufficiently broad to cover everything which could properly be so described.

The information, therefore, seems to me substantially defective, and the demurrer must be sustained.

Demurrer sustained.