## UNITED STATES v. SIMON et al.

(District Court, E. D. Pennsylvania.   December 1, 1916.)

No. 4979.

1. CRIMINAL LAW ☞99—JURISDICTION OF SUBJET-MATTER AND PERSON—RESORT TO PROCESS.

In every proceeding, whether criminal or civil, before the cause can be determined by a court and judgment given against defendant, the court must have jurisdiction of the subject-matter and of the person of the defendant, so that, though jurisdiction of the subject-matter may exist, some process must be resorted to in order to bring defendant into court, which process must be a lawful process, in the sense that it must be such as the law recognizes as sufficient to justify the finding that the parties whose rights are to be adjudged are before the court, with the opportunity to be heard.

2. CRIMINAL LAW ☞99—MODES TO BRING DEFENDANT TO TRIAL—COMPLAINT —PRESENTMENT OF GRAND JURY—INFORMATION.

In criminal procedure against individuals, several modes to bring defendant to trial have come to be well known and accepted as usual, and therefore regular, all being followed by a trial in open court. One is by a complaint, followed successively by a warrant of arrest, a preliminary hearing before a magistrate, and an indictment of a grand jury; a second is by the presentment of a grand jury, followed by the issuance of a bench warrant, without the preliminary complaint and hearing; and a third is an information emanating from the official representative of the sovereign power, in lieu of the other procedure preceding the indictment.

---
☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. FOOD ⬤⟶18—CRIMINAL PROSECUTION—PROCEDURE—RECOGNIZED CHARACTER —CONSTITUTIONALITY.**

The practice followed, in prosecuting individuals by information for violating Food and Drugs Act June 30, 1906, c. 3915, 34 Stat. 768 (Comp. St. 1916, §§ 8717-8728), by shipping adulterated and misbranded brandy from one state into another, must be in accord with recognized procedure, and must not be within the inhibitions of the federal Constitution.

**4. INDICTMENT AND INFORMATION ⬤⟶40—PROSECUTION BY INFORMATION— CONSTITUTIONALITY—LEAVE TO FILE.**

Prosecution for a criminal offense, as a violation of the Food and Drugs Act, by information filed without formal leave of court by the United States attorney, acting on a report by the Secretary of Agriculture, is not prohibited by the federal Constitution, the provisions of which as to abuse of process are directed against arrests and seizures; it being a mere matter of practice, for regulation by the courts, whether leave to file information is formal, to be assumed unless and until challenged, or actual, the former being the established practice.

Information was filed against Leo Simon and Fanny Brunhild, trading as Brunhild, Simon & Co., alleging shipment in violation of the Food and Drugs Act of adulterated and misbranded brandy. On motion to quash the information. Denied.

On April 28, 1916, the United States attorney for the Eastern district of Pennsylvania, acting upon a report by the Secretary of Agriculture, filed in the District Court of the United States for said district an information against Leo Simon and Fanny Brunhild, trading as Brunhild, Simon & Co., Philadelphia, Pa., alleging shipment by said defendants, in violation of the Food and Drugs Act, on March 24, 1915, from the state of Pennsylvania into the state of New Jersey of a quantity of brandy which was adulterated and misbranded. The article was labeled, in part: "A Compound of Brandy and Grain Distillate * * * Cal. Brandy." Analysis of a sample of the article by the Bureau of Chemistry of this department showed the following results, expressed as grams per 100 liters to 100 proof, unless otherwise indicated:

```
Proof (degrees)..........................................88.2
Acidity as acetic........................................19.0
Fusel oil................................................24.9
Esters...................................................10.0
Aldehydes................................................ 1.4
Furfural................................................. 0.3
```

These results show the addition of a considerable portion of neutral spirits. Adulteration of the article was alleged in the information for the reason that a certain substance, to wit, neutral spirits, had been substituted, wholly or in part, for California brandy, which the article purported to be. Misbranding was alleged for the reason that the following statement regarding the article and the ingredients and substances contained therein appearing on the commercial end of the keg, to wit, "* * * Cal. Brandy," not corrected by the additional statement, on the opposite end of the barrel, to wit, "A Compound of Brandy and Distillate," was false and misleading, in that it indicated to purchasers thereof that the article consisted wholly of California brandy, and for the further reason that it was labeled as aforesaid, so as to deceive and mislead purchasers into the belief that the said article consisted wholly of California brandy, when in truth and in fact it did not, but did consist of, to wit, a mixture of California brandy and neutral spirits.

On May 10, 1916, the defendants filed their motion to quash the information, which motion was denied, as will more fully appear from the opinion of the court.

Francis Fisher Kane, U. S. Atty., and Robert J. Sterrett, Asst. U. S. Atty., both of Philadelphia, Pa.

Levi Cooke, of Washington, D. C., for defendants.

DICKINSON, District Judge. The district attorney, in his official capacity, instituted proceedings against the defendant for a violation of the food and drugs statutes through and by an information. The defendant has moved to quash the proceedings because, as is averred, they did not in actual fact have the previous sanction of an allowance by the court.

[1] In every proceeding, whether criminal or civil, before the cause can be determined by a court and judgment go against the defendant, the court must have jurisdiction of the subject-matter and of the person of the defendant. The first is necessary because the court cannot proceed to render judgment unless vested with the lawful power and authority to do so. The second is necessary in order to meet the requirement of justice that both sides shall be heard. Although, therefore, jurisdiction of the subject-matter may exist, some process must be resorted to in order to bring the defendant into court. This process, it is clear, must be a lawful process, in the sense that it must be such as the law recognizes as sufficient to justify the finding that the parties whose rights are to be adjudged are before the court with the opportunity to be heard. Hence we have provisions made for forms of writs and the manner of service. The established practice of the courts supplies us with information of what these provisions are. The sanction or authority for some of them is to be found in statutes; for others their accepted usage in a long-established practice or in the recognition of the inherent power of the courts to adopt and issue appropriate writs of process.

[2] In criminal procedure against individuals, several modes of bringing the defendant to trial have come to be well known and accepted as usual and because of this, regular. They are all followed by a trial in open court. One is by a complaint, followed successively by a warrant of arrest, a preliminary hearing before a magistrate, and an indictment by a grand jury. Another is by the presentment of a grand jury, followed by the issuance of a bench warrant without the preliminary complaint and hearing. Still another is an information emanating from the official representative of the sovereign power, in lieu of the other procedure preceding the indictment. In the course of time some of these processes, although recognized as lawful in the sense of being authorized by law, were or were thought to be at least fraught with the possibility of abuse resulting in oppression.

[3] Out of this sprang the provisions of the Constitution of the United States and like provisions of the Constitutions of different states. The practice of the courts must, of course, yield to these mandates. The practice followed in the instant case must therefore meet these two tests. It must be in accord with recognized procedure and it must not be within the inhibitions of the federal Constitution.

[4] The legal literature of the subject supplies us with a rich mine of learning, an opening into which is afforded by the opinion in Weeks

v. U. S., 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524. Into this, however, we need not delve, further than to extract the fact that prosecutions by information have long had a recognized place in criminal procedure. This narrows the inquiry into the constitutional provisions. It is clear that they are directed against arrests and seizures, and because of this have no application to the case before us. In form, informations proceed with the leave of court. Whether this leave is made formal or actual is a matter of practice, to be regulated by the courts. Actual leave may be exacted, or it may be permitted to be assumed, unless and until challenged. The latter we think to be the established practice, and to be on the whole the better practice, because it leaves the propriety of the proceeding to be determined on its merits. The distinction between proceedings in which the sovereign is directly concerned and those which directly concern private persons is of doubtful practical value. It narrows and limits the control of the courts over its process by shifting the inquiry from the broad one of whether the proceeding should go on to a narrow inquiry into the mere nature of the offense charged.

The practice, adopted, as we are informed, in the Western district of this circuit, of requiring actual leave before permitting informations to be filed presents certain advantages, as does the practice followed in other jurisdictions of permitting leave to be assumed until challenged, but each comes in the end to be the same. We find no abuse of process in the present case, and no reason to revoke the leave, by virtue of which the information purports to have been filed.

The motion to quash is denied.

On December 11, 1916, the defendants entered pleas of guilty to the information, and the court imposed a fine of $25.