## ABBOTT BROS. CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 10, 1917.)

### No. 2437.

1. INDICTMENT AND INFORMATION ⬳52(2)—INFORMATION—SUFFICIENCY.

An information, bearing the signature of the district attorney and to which were attached four affidavits, sworn to before notaries public, is sufficient to support a judgment of conviction, though not verified by the district attorney; no warrant of arrest having been sought, and it being assumed that the district attorney, who signed in his official capacity, acted under his oath as a governmental official.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 165, 166.]

2. INDICTMENT AND INFORMATION ⬳196(4)—WAIVER OF DEFECTS.

Defects in the acknowledgment of the information are waived, if not raised by suitable objection before trial, and cannot thereafter be raised.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 632.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Abbott Bros. Company, a corporation, was convicted of violation of the Pure Food and Drugs Act June 30, 1906, c. 3915, 34 Stat. 768 (Comp. St. 1916, §§ 8717–8728), and it brings error. Affirmed.

Norman K. Anderson, of Chicago, Ill., for plaintiff in error.

Charles F. Clyne and Frederick Dickinson, both of Chicago, Ill., for the United States.

Before KOHLSAAT, ALSCHULER, and EVANS, Circuit Judges.

PER CURIAM. [1] The contention of the plaintiff in error that the information charging it with having violated the Pure Food and Drugs Act, bearing the signature of the district attorney for the Northern district of Illinois, and attached to which information and made a part of it were four affidavits sworn to before notaries public, is insufficient to support a judgment because of the insufficiency of the acknowledgement, must be rejected. Weeks v. United States, 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915B, 651; United States v. Adams Express Co. (D. C.) 230 Fed. 531.

No warrant for arrest having been sought, the information signed by the United States district attorney was sufficient, without any verification and without any supporting affidavits. It was unnecessary for the district attorney, who signed the information in his official character, to assert in the body of that document that he informed the court upon his oath as a government official of the facts therein set forth. It will be presumed he acted on his oath as an officer of the government.

[2] Nor do we think the plaintiff in error is in a position to raise this question for the first time in this court. Defects such as are here complained of are in any event waived, if not raised by suitable objection before trial. People v. Murphy, 56 Mich. 546, 23 N. W. 215; Bryan v. State, 41 Fla. 643, 26 South. 1022; State v. Osborn, 54 Kan. 473, 38 Pac. 572; State v. Brown, 181 Mo. 192, 79 S. W. 1111; Johnson v. State, 53 Neb. 103, 73 N. W. 463; State v. Pancoast, 5 N. D. 516, 67 N. W. 1052, 35 L. R. A. 518; Hammond v. State, 3 Wash. 171, 28 Pac. 334. See, also, on waiver of informalities, Garland v. State of Washington, 232 U. S. 642, 34 Sup. Ct. 456, 58 L. Ed. 772.

Judgment is affirmed.