## UNITED STATES v. McDONALD.

(District Court, D. Minnesota, Fifth Division.   October 6, 1923.)

1. **Criminal law ☞1072, 1084—Allowance of writ of error and supersedeas is discretionary.**

    A writ of error is not a writ of right and does not issue as a matter of course, but it is within the legal discretion of the judge to whom application is made to allow or deny the writ, and if allowed it is also in his discretion whether or not to grant a supersedeas to stay execution of the sentence.

2. **Criminal law ☞1072—Writ of error should be denied where all questions raised have been adversely determined by prior authoritative decisions.**

    Where it is apparent to the judge to whom application is made for a writ of error and supersedeas, on presentation of the required assignment of errors and bill of exceptions, that every question which the record would present for determination by the appellate court has been determined adversely to petitioner on well-settled principles of law, and especially by decisions of the Supreme Court or the Circuit Court of Appeals of the Circuit, it is not only his right but his duty to refuse the writ.

3. **Indictment and information ☞52(1)—Information need not be verified when not filed as basis for warrant of arrest.**

    An information which is not filed as a basis for a warrant of arrest, but after the person charged has been arrested, had a preliminary examination, and has been held to bail by a commissioner, need not be verified nor supported by affidavit of probable cause.

4. **Indictment and information ☞196(3)—Objection that information was filed without proper foundation waived if not made before trial.**

    Objection that information was filed without proper proof of probable cause is waived if not made before going to trial thereon.

5. **Criminal law ☞1129(3)—Assignment of error that information is insufficient held to present no question.**

    A general assignment of error that the information is insufficient, in that it fails to state facts constituting an offense, presents no question for the appellate court under rule 11 of the Circuit Court of Appeals (150 Fed. xxvii, 79 C. C. A. xxvii).

6. **Indictment and information ☞202(5)—Objection to sufficiency must be made in trial court.**

    Objection that an indictment or information omits a material allegation cannot be raised for the first time in the appellate court; the presumption being, after verdict, that the fact was proved.

7. **Criminal law ☞1134(4)—Denial of motion for new trial not reviewable.**

    Denial of a motion for new trial is not reviewable on writ of error in the federal courts.

8. **Criminal law ☞1208(2)—Extent of sentence discretionary with trial court.**

    Within the statutory limit the sentence imposed is exclusively within the judgment of the trial court.

9. **Criminal law ☞1090(11)—Bill of exceptions essential to review of rulings during trial.**

    Assignments of error based on rulings made during the trial present no question for review, in the absence of a bill of exceptions showing such rulings and exceptions thereto.

10. **Criminal law ☞1086(14)—Sufficiency of evidence not reviewable in absence of motion for directed verdict.**

    Sufficiency of the evidence to support the verdict cannot be considered by the appellate court, in the absence of a record showing a motion for directed verdict and an exception to the court's refusal to grant it.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

11. **Criminal law ⟨key⟩1028—Only questions passed on by trial court reviewable by writ of error.**

To render any question reviewable by writ of error, it must have been presented to and passed on by the trial court.

12. **Criminal law ⟨key⟩957(1)—Verdict cannot be impeached by unsworn statements of jurors.**

Statements made by jurors after the trial is over, not under oath, are not competent to impeach their verdict.

13. **Criminal law ⟨key⟩911, 1156(1)—Denial of new trial discretionary and reviewable only for abuse of discretion.**

The granting of a new trial is within the discretion of the/trial court, and its action is not reviewable unless an abuse of discretion is shown.

Criminal prosecution by the United States against Norman R. McDonald. On petition of defendant for allowance of writ of error and supersedeas. Denied.

James A. Wharton and W. F. Dacey, both of Duluth, Minn., for petitioner.

Lafayette French, Jr., U. S. Dist. Atty., of St. Paul, Minn.

McGEE, District Judge. The information filed on May 1, 1923, by the district attorney, charges the defendant with having made a sale of intoxicating liquor in a soft drink parlor conducted by him at 215 West Michigan street, in the city of Duluth, Minn., on November 12, 1922, and with having had intoxicating liquor in his possession at the same place on the 22d of the same month, both in violation of the provisions of the National Prohibition Act.

The case was tried on the 18th and 19th of July, 1923, and resulted in a verdict of guilty on both counts. A motion for a new trial was made and denied on the 27th day of August, 1923.

There was no motion to quash the information, no demurrer, or motion in arrest of judgment.

The case is now before me on petition for allowance of a writ of error and supersedeas.

[1] Counsel for the defendant contends: First, that writs of error issue practically as a matter of course; and, second, that on the showing made herein defendant is entitled to a writ of error as a matter of right.

That a writ of error is not a writ of right, and does not issue as a matter of course, must be regarded as well settled. The direct result of following the practice first suggested by counsel is to unnecessarily and improperly .increase the burdens of the appellate court with cases that never ought to reach that tribunal; and at the same time in criminal cases to practically permit defendants convicted of crime to be at large for a year or more after sentence has been imposed and judgment has been entered.

There is uniformity of opinion among those who have given much thought to the subject, that the much-talked of "crime wave," supposed to pervade the United States to-day, is due in a considerable measure to lack of promptness and vigor in the enforcement of the criminal laws; and, by many, responsibility therefor to some extent is, justly or unjustly, placed on the courts.

I think it is a fair statement of the rule, deducible from an examination of the law on the subject, that it is in the discretion of the judge to whom application is made to allow a writ or deny it; and if he allows it, it is also in his discretion whether or not he will stay the execution of sentence pending the determination of the proceedings in the appellate court. Of course, this discretion is a legal one; and in its exercise, the defendant should have the benefit of any substantial doubts arising upon the questions presented by the record. If, upon the errors complained of, there be any substantial doubt or room for fair debate, the defendant should not be denied the opportunity to have the benefit of the deliberate judgment of the appellate court upon the rulings of the District Court, if those rulings have affected the judgment and sentence of that court; and, in such case, the proceedings under the sentence should be stayed. Mackin v. U. S. (C. C.) 23 Fed. 339.

[2] But when a petition for a writ of error with an assignment of errors, as required by Rule 11 of the Circuit Court of Appeals (150 Fed. xxvii, 79 C. C. A. xxvii) is presented with an application for the allowance of a writ, and it is apparent to the judge to whom application is made, from an examination of the same and of the bill of exceptions, where a bill of exceptions has been settled and allowed, that every question which the record would present for the determination of the appellate court, if a writ were allowed, has been determined adversely to the petitioner, by well-settled principles of law, and particularly by decisions of the Supreme Court of the United States or the Circuit Court of Appeals of this circuit, then the judge in such case, not only has the right, but it is his positive duty, to refuse the writ.

This, it would seem, has been made very clear by the Circuit Court of Appeals in its opinions construing Rule 11 of the rules of that court. Sovereign Camp v. Jackson (C. C. A. 8) 97 Fed. 382, 38 C. C. A. 208; Frame v. Portland Gold Mining Co. (C. C. A. 8) 108 Fed. 750, 47 C. C. A. 664; Webber v. Mihills (C. C. A. 8) 124 Fed. 64, 59 C. C. A. 578; Simpson v. First Nat. Bank (C. C. A. 8) 129 Fed. 257, 261, 63 C. C. A. 371.

In Frame v. Portland Gold Mining Co., supra, Judge Sanborn, speaking for the court, said:

"Rule 11 of this court * * * provides that 'the plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed.' This is a just and reasonable rule. It makes the filing of the assignment of errors before the writ is allowed indispensable to its issue, to the end that the judge to whom application is made for its allowance may be informed what the alleged errors are upon which the petitioner relies, and may thus intelligently decide whether or not the prayer of his petition should be granted, and also to the end that the opposing counsel and the appellate court may be informed what questions of law are raised for consideration."

In Simpson v. First National Bank, supra, in an opinion by Judge Sanborn, it is said:

"In actions at law the assignment of errors must be filed and presented to the judge before the writ of error is issued or allowed, because he must deter-

mine, from an examination of it and of the petition for the writ, whether or not they set forth any substantial grounds for the issue of the writ."

There are 16 errors assigned, and all but the first, second, and sixteenth must, in order to be considered by the appellate court, rest upon exceptions properly saved in a bill of exceptions; and whether that has been done will be considered after disposing of the three assignments of error mentioned.

[3] The first assignment of error is that—

"The court erred in permitting an information to be filed in this case by the district attorney without receiving proof or affirmation justifying the issuance of such information."

This assignment of error rests upon the assumption that the information was filed as a basis for a warrant of arrest. An examination of the information is all that is necessary to dispose of this point. It recites upon its face that—

The United States attorney, "with leave of court first had and obtained, files this information, and gives the court to understand and to be informed as follows, as appears from a complaint made under oath and transcript of proceedings held before Hubert H. d'Autremont, a commissioner for the District Court aforesaid, and on file in this court, and who after examination of the charge found that there was probable cause to hold the defendant to bail."

It is thus apparent that the information was not filed as the basis for a warrant of arrest. On its face, the information discloses that the defendant, prior to the time it was filed, had been arrested, taken before a court commissioner, had a preliminary examination, and that the commissioner found there was probable cause to hold him to bail, all of which appeared from a transcript of the proceedings before the commissioner then on file in the District Court, and was the basis for the filing of the information.

It is only when an information is filed as a basis for a warrant of arrest that it is necessary that the same be supported by the oath or affirmation of a person having knowledge of the facts. It is well settled in such case that allegations on information and belief are not sufficient. U. S. v. Tureaud (C. C.) 20 Fed. 621; U. S. v. Polite (D. C.) 35 Fed. 58; Johnston v. U. S. (C. C. A. 5) 87 Fed. 187, 30 C. C. A. 612; U. S. v. Baumert (D. C.) 179 Fed. 735; U. S. v. Wells (D. C.) 225 Fed. 320; U. S. v. Michalski (D. C.) 265 Fed. 839.

If the information is not made the basis of a warrant of arrest, it need not be verified, nor supported by an affidavit showing probable cause. Weeks v. U. S., 235 U. S. 697, 35 Sup. Ct. 199, 59 L. Ed. 431; Weeks v. U. S. (C. C. A. 2) 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524; U. S. v. Adams Express Co. (D. C.) 230 Fed. 531; Creekmore v. U. S. (C. C. A. 8) 237 Fed. 743; Simpson v. U. S. (C. C. A. 6) 241 Fed. 841, 154 C. C. A. 543; Abbott Bros. Co. v. U. S. (C. C. A. 7) 242 Fed. 751, 155 C. C. A. 339; Brown v. U. S. (C. C. A. 9) 257 Fed. 703, 168 C. C. A. 653; De Four v. U. S. (C. C. A. 9) 260 Fed. 596, 171 C. C. A. 360; U. S. v. Newton Tea & Spice Co. (D. C.) 275 Fed. 394; Yaffee v. U. S. (C. C. A. 6) 276 Fed. 497.

[4] If the information in this case had been filed without any foundation whatever being laid therefor, and the purpose of filing it was to procure the issuance of a warrant of arrest, the defendant, by proceeding to trial without objection, waived the point. Simpson v. U. S. (C. C. A. 6) 241 Fed. 841, 154 C. C. A. 543; Abbott Bros. Co. v. U. S. (C. C. A. 7) 242 Fed. 751, 155 C. C. A. 339; Wilson v. U. S. (C. C. A. 2) 275 Fed. 307, 311.

In Simpson v. U. S., supra, the information was assailed as insufficient in law. The points made were: First, that it was not sworn to; and, second, that the supporting affidavits were invalid because made before notaries public. The court said:

"We need not consider whether the objection would have been good had it been made in the court below. Defendant in fact pleaded not guilty to the information, without demurring or moving to quash, and the record does not indicate that the attention of the district court was ever directed to the alleged insufficiency of the information. Unless it was void, the question presented cannot for the first time be raised in the appellate court, unless a refusal to so consider it would shock the judicial conscience. * * * The objection is purely technical and without merit, and was waived by pleading to the information without raising objection."

In Abbott Bros. Co. v. U. S., supra, in which the attack was made upon the information because the affidavits attached to it were sworn to before notaries public, the court said:

"No warrant for arrest having been sought, the information signed by the United States district attorney was sufficient, without any verification and without any supporting affidavits. It was unnecessary for the district attorney, who signed the information in his official character, to assert in the body of that document that he informed the court upon his oath as a government official of the facts therein set forth. It will be presumed he acted on his oath as an officer of the government. Nor do we think the plaintiff in error is in a position to raise this question for the first time in this court. Defects such as are here complained of are in any event waived, if not raised by suitable objection before trial. People v. Murphy, 56 Mich. 546, 23 N. W. 215; Bryan v. State, 41 Fla. 643, 26 South. 1022; State v. Osborn, 54 Kan. 473, 38 Pac. 572; State v. Brown, 181 Mo. 192, 79 S. W. 1111; Johnson v. State, 53 Neb. 103, 73 N. W. 463; State v. Pancoast, 5 N. D. 516, 67 N. W. 1052, 35 L. R. A. 518; Hammond v. State, 3 Wash. 171, 28 Pac. 334. See, also, on waiver of informalities. Garland v. State of Washington, 232 U. S. 642, 34 Sup. Ct. 456, 58 L. Ed. 772."

See, also, cases cited under next point discussed relating to second assignment of error.

[5] The second assignment of error is that the information is defective in that it fails to state facts sufficient to constitute an offense against the laws of the United States. This assignment of error, by reason of its failure to conform to the requirements of Rule 11, presents no question for the consideration of the appellate court. Without stating or disclosing in any manner what they are, the assignment asserts a failure to allege facts, the statement of which in the information it is contended is necessary to its validity.

In Sovereign Camp v. Jackson (C. C. A. 8) 97 Fed. 382, 384, 38 C. C. A. 208, 210, Judge Sanborn, speaking for the court, said:

"Did this assignment 'set out separately and particularly each error asserted and intended to be urged'? * * * Rule 11 is that each error assert-

ed and intended to be urged shall be separately and particularly pointed out, not generally averred. None of the errors asserted in the argument, none of the questions of law or of fact there discussed, are pointed out in this assignment particularly or at all. * * * The assignment and the specification alike utterly fail to comply with the express terms of the rules. Nor are they more fortunate in serving the purpose to accomplish which these rules were made. Assignments and specifications of error were required for the purpose of informing the court and the counsel for the opposing party what questions would be presented for consideration and review in the appellate court. An assignment which fails to point out these questions—one which compels court and counsel to look further and to search the brief in order to discover them—entirely fails to accomplish the purpose of its being, and is utterly futile. The assignment and the specification in the case at bar are apt illustrations of such a failure."

In Walton v. Wild Goose Mining & Trading Co. (C. C. A. 9) 123 Fed. 209, 60 C. C. A. 155, it is said:

"The Circuit Courts of Appeals have repeatedly called the attention of counsel to the absolute necessity of adhering strictly to the terms of Rule 11, * * * concerning 'assignments of errors.' * * * The object of the rules is to so present the matter raised by the assignment of error that this court may understand what the question is it is called upon to decide without going beyond the assignment itself, and also that the party excepting may be confined to the objection taken at the time, which must then have been stated specifically. The party complaining of the action of the lower court must lay his finger upon the point of objection, and must stand or fall upon the case he made in the court below. Appellate courts are not the proper forum to discuss new points. They are simply courts of review to determine whether the rulings of the court below, as presented, were correct or not. Van Gunden v. Virginia Coal & Iron Co. (C. C. A.. 4) 52 Fed. 838, 840; City of Lincoln v. Street-Light Co. (C. C. A. 8) 59 Fed. 756; Lincoln Savings Bank & Saving Deposit Co. v. Allen (C. C. A. 8) 82 Fed. 148; City of Anniston v. Safe-Deposit & Trust Company (C. C. A. 5) 85 Fed. 856."

[6] If the assignment had conformed to Rule 11, it still would have presented no question for the consideration of the appellate court. It is well settled that where an indictment or information omits a material allegation, the omission of which would be held fatal on a motion to quash, or on a demurrer, and no attack is made before or during the trial, on a writ of error the appellate court will presume that the court correctly charged the jury as to the law and as to the proof required in order that there might be a verdict of guilty, and will presume that the evidence received warranted and supported the verdict. U. S. v. Ball, 163 U. S. 662, 16 Sup. Ct. 1192, 41 L. Ed. 300; Kepner v. U. S., 195 U. S. 100, 129, 24 Sup. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655; Serra v. Mortiga, 204 U. S. 470, 27 Sup. Ct. 343, 51 L. Ed. 571; Lamar v. U. S., 241 U. S. 103, 116, 36 Sup. Ct. 535, 60 L. Ed. 912; Sonnenberg v. U. S. (C. C. A. 9) 264 Fed. 327; McGrath v. U. S. (C. C. A. 2) 275 Fed. 294; Bishop's New Criminal Procedure (Ed. 1913) vol. 2, § 707–a; Wilson v. U. S. (C. C. A. 2) 275 Fed. 307, 311.

The case of Serra v. Mortiga, supra, in which the opinion was written by Chief Justice White, the indictment was for a felony, and there was a failure to allege an essential ingredient of the crime without which if a demurrer had been interposed the defect would have been held fatal; but it was held that the defendant by going to trial

without objection waived the defect. The rule on this subject is clearly stated in Bishop's New Criminal Procedure (Ed. 1913) vol. 2, § 707–a, as follows:

"At common law the verdict cures some things, as to which the rule is the same in criminal causes as in civil. It is that though a matter either of form or of substance is omitted from the allegation or alleged imperfectly, yet if under the pleadings the proof of it was essential to the finding, it must be presumed after verdict to have been proved, and the party cannot now for the first time object to what has wrought him no harm."

In Lamar v. U. S., supra, it is said:

"It is moreover to be observed that there is not the slightest suggestion that there was a want of knowledge of the crime which was charged or of any surprise concerning the same, nor is there any intimation that any request was made for a bill of particulars concerning the details of the offense charged. Under this situation we think that the case is clearly covered by section 1025, Revised Statutes."

[7] The fifteenth assignment of error is that the court erred in denying defendant's motion for a new trial. A motion for a new trial is addressed to the sound discretion of the court, and a ruling upon it is not reviewable on a writ of error. R. R. Co. v. Howard (C. C. A. 8) 49 Fed. 206, 1 C. C. A. 229; McClellan v. Pyeatt (C. C. A. 8) 50 Fed. 686, 1 C. C. A. 613; Mining Co. v. Fullerton (C. C. A. 8) 58 Fed. 521, 7 C. C. A. 340; Village of Alexandria v. Stabler (C. C. A. 8) 50 Fed. 689, 1 C. C. A. 616; City of Lincoln v. Street-Light Co. (C. C. A. 8) 59 Fed. 756, 8 C. C. A. 253; Criner v. Mathews (C. C. A. 8) 67 Fed. 945, 15 C. C. A. 93; Condran v. R. R. Co. (C. C. A. 8) 67 Fed. 522, 14 C. C. A. 506, 28 L. R. A. 749; Rhodes v. U. S. (C. C. A. 8) 79 Fed. 740, 25 C. C. A. 186.

[8] The sixteenth assignment of error is that the court erred in sentencing the defendant, Norman R. McDonald, to be confined in the county jail of Aitkin county, Minn., for the period of 5 months and 25 days.

The sentence imposed was on a verdict finding defendant guilty on the second count of the information, which charged him with having made a sale of intoxicating liquor, in violation of the provisions of the National Prohibition Act (41 Stat. 305).

Section 29, title 2, of that act, provides that punishment for the offense mentioned shall be a fine of not more than $1,000; or imprisonment not exceeding six months. The punishment imposed is under the maximum. Lonergan v. U. S. (C. C. A. 8) 287 Fed. 538, 539.

[9] The third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments of error must necessarily rest upon a bill of exceptions showing the court made the rulings complained of, and that exceptions thereto were taken.

From the opening to the concluding sentence of the bill of exceptions there is not shown an objection made by defendant, or ruling made by the court, or an exception taken by defendant, nor has the evidence or the charge of the court been preserved and embodied therein, so that it is idle to discuss those assignments of error.

The document which is found in the record and labeled "Bill of Exceptions" has nothing in it or about it that would identify it as such

except the label on it. The case is not different from what it would be if there was no document in the record purporting to be a bill of exceptions. The case in this respect is very similar to that of Lincoln Savings Bank & Deposit Co. v. Allen (C. C. A. 8) 82 Fed. 148, 149, 27 C. C. A. 87, 89, in which Judge Sanborn, speaking for the court, said:

"Twelve of the remaining errors are that certain paragraphs of the charge of the court, which appear to have been wrested from their connection, and quoted in the assignment of errors, and which relate almost entirely to the effect of the evidence, which had been produced in the case, are erroneous. But the evidence which was before the trial court has not been presented to us, and the presumption is that there was evidence which warranted the charge. There is no bill of exceptions and no copy of the charge of the court in the printed record. There is nothing in it to show that the paragraphs quoted in the assignment of errors were ever given to the jury by the court, or that any exception was ever taken to any of them by the plaintiff in error. The only information we have upon this subject is contained in the statement which precedes each paragraph in the assignment of errors, and is in these words: 'The court erred in giving the following instruction, to the giving of which the defendant duly excepted at the time.' But the assertion of the defeated party in his assignment of errors, either that the court erred, or that it gave any instruction, or that the plaintiff in error excepted to that instruction, is insufficient, without more, to warrant an appellate court in reversing a judgment. The facts that portions of the charge challenged were given, and that exceptions were taken to them, must be established by a bill of exceptions, settled and signed in accordance with the act of the Congress of the United States, before a federal court can find the errors and reverse the judgment. Rev. St. § 953; Clune v. U. S., 159 U. S. 590, 16 Sup. Ct. 125; Blake v. U. S., 18 C. C. A. 117, 71 Fed. 286; Mussina v. Cavazos, 6 Wall. 355, 363; Origet v. U. S., 125 U. S. 240, 8 Sup. Ct. 846. We cannot reverse this judgment on the ground that these alleged errors in the charge of the court exist (1) because there may have been evidence which warranted them, and all the evidence is not presented to us, so that we can see that it was insufficient; (2) because it does not appear from the record that any of the challenged paragraphs were given to the jury by the court; and (3) because it does not appear that any exception was taken to any of them if they were given.

"The remaining error assigned is that the court refused to give an instruction which was requested by the defendant. But that instruction relates to the effect of the evidence in the case, and, in the absence of any proof by a bill of exceptions that all the evidence is before us, and that the plaintiff in error excepted to that refusal, there is nothing here for our consideration. The judgment below must accordingly be affirmed."

In McGrath v. U. S. (C. C. A. 2) 275 Fed. 294, 296, the court said:

"The record technically consists of the indictment, the bill of exceptions, and the judgment. The absence from the record of the bill of exceptions therefore simply precludes the court from passing on questions raised at the trial which the bill of exceptions might have brought here if one had been introduced into the record. Its absence does not, however, deprive us of the right to pass on the sufficiency of the indictment or the judgment.

"We are obliged to decide this case as though there was no demurrer to the indictment, no motion to quash, no motion for a new trial or in arrest of judgment, no exceptions to the admission or exclusion of evidence, and no objection to instructions given or withheld. We have no information concerning these matters. The sole question before us under the circumstances, is whether the indictment fails to state facts sufficient to constitute the crime charged. If it thus fails, then, of course, it is the duty of the court to set aside the judgment. But if the facts alleged are sufficient to sustain the indictment the judgment must be affirmed. Sonnenberg v. United States (C. C. A.) 264 Fed. 327."

[10] The ninth and tenth assignments of error are that the verdict is manifestly against the weight of the evidence, and is unsupported by adequate testimony. It is the settled rule in this jurisdiction that the point sought to be made is not open to a plaintiff in error in the appellate court in the absence of a record showing that at the close of the testimony there was a motion for a directed verdict, and an exception to the court's refusal to grant it. City of Lincoln v. Street-Light Co. (C. C. A. 8) 59 Fed. 756, 8 C. C. A. 253; Penn Casualty Co. v. Whiteway (C. C. A. 9) 210 Fed. 782, 127 C. C. A. 332; Thompkins v. M., K. & T. Ry. Co. (C. C. A. 8) 211 Fed. 391, 397, 128 C. C. A. 1, 52 L. R. A. (N. S.) 791; McCool v. U. S. (C. C. A. 6) 263 Fed. 55; Ray v. U. S. (C. C. A. 6) 265 Fed. 257; Bank of Italy v. Romeo & Co. (C. C. A. 9) 287 Fed. 5, 7.

[11] The eleventh assignment of error is that the verdict is contrary to law. Because of the failure of the petitioner to conform to Rule 11, this assignment presents no question for review. And if the requirements of Rule 11 had been met, the assignment has no foundation upon which it can rest, for the reason that there is nothing in the record showing that the point was ever made in the court below, a ruling had thereon or an exception taken. McGrath v. U. S. (C. C. A. 2) 275 Fed. 294, 296.

In City of Lincoln v. Street-Light Co., supra, in an opinion by Judge Sanborn, it is said:

"In order to obtain a review of any question by writ of error in this court it must appear that the court below decided that very question, for there can be no review of that which has never been passed upon. * * * The court below was not requested to decide, and did not determine, whether or not there was sufficient evidence to warrant a verdict before it was rendered, and hence it could not have committed any error in this regard, and there is nothing here for us to consider."

[12] The twelfth assignment of error is that the court erred in not granting a new trial because of the misconduct of P. E. Tadort, one of the jurors in said action. It is sufficient to dispose of this assignment to call attention to the rule that statements made by jurors not under oath after the trial is over are not competent, and cannot be received, for the purpose of impeaching their verdict. Walton v. Wild Goose Mining & Trading Co. (C. C. A. 9) 123 Fed. 209, 60 C. C. A. 155; Cain v. Wallace, 46 Kan. 138, 144, 26 Pac. 445; Peterson v. Skjelver, 43 Neb. 663, 671, 62 N. W. 43; Phillips v. Town of Scales Mound, 195 Ill. 353, 363, 63 N. E. 180.

A new trial on the ground of the misconduct of a juror should not be granted unless the evidence of misconduct is clear, certain, and convincing. Omaha Fair Ass'n v. R. R. Co., 42 Neb. 105, 60 N. W. 330.

The alleged misconduct of the juror is that during the trial and before the case was submitted to the jury, he went to the soft drink parlor of defendant and purchased a soft drink there, and in the jury room he made a statement to the jurors that he went there.

At this point the two witnesses in whose presence he made the statement relied on, and whose affidavits appear in the record, disagree entirely as to what was said; and whichever version is accepted is far from requiring that a new trial be granted.

: [13] The question is one that calls for the exercise of discretion by the trial court, and is not reviewable in the appellate court unless an abuse of discretion be shown.

The thirteenth assignment of error is based upon an alleged quotation from the charge of the court to the jury, when as a matter of fact there was no reporter present at the trial, no such charge given, and if it were given, no part of it has been preserved in the bill of exceptions.

The error asserted with reference to the alleged quotation from the charge is: "That there was no testimony introduced on the said trial upon which to properly base such charge."

When the testimony given on the trial has not been preserved in the bill of exceptions, and there is nothing in the record indicating the language quoted was given to the jury, and if given that any exception was taken to the giving of the same, it is difficult to understand the purpose or object of inserting such an assignment of error in the record.

The fourteenth assignment of error is that "said verdict was given under the influence of passion and prejudice," and cannot be considered in the absence from the record of the evidence taken on the trial, and in any event the ruling on the motion for a new trial was discretionary.

In Thompkins v. M., K. & T. Ry. Co., supra, Judge Sanborn, speaking for the court, said:

"The tenth specification in the brief is that the verdict of the jury was reached through bias and prejudice against the plaintiff because he was a colored person. But this question was not presented in any other way than by a motion to the court below for a new trial which that court denied. No affidavit of bias or prejudice and no other evidence appears in the record in support of that motion, except the bill of exceptions which contains the evidence upon the trial of the issues made by the pleadings. Under such circumstances a ruling on a motion for a new trial is discretionary with the trial court and is not reviewable in this court in the absence of * * * an abuse of the discretion and there is no such proof in this record. * * * A federal appellate court is, in an action at law, a court for the correction of the errors of the court below only, and, unless it appears in the record before it that the lower court committed an error of law it may not reverse its judgment. The legal presumption is that the rulings of the trial court were right, and the burden is on him who asserts that one of them was erroneous to make that fact appear by the record he presents to the appellate court. United States v. Ute Coal & Coke Co., 158 Fed. 20, 22."

I have examined the law dealing with the subject discussed herein at considerable length in connection with the record presented on the application for the allowance of a writ of error, and have given much thought to the matter; and as a result, my mind is compelled to the conclusion that upon the errors complained of there is neither room for doubt nor fair debate as to their unsubstantial character, and that to allow the writ would be to send the case to the appellate court with its affirmance a foregone conclusion.

Under the circumstances, I think a positive duty rests upon me to refuse the writ.

Therefore, it is ordered that the application for the allowance of a writ of error and supersedeas be, and the same is, hereby denied.

The pending stay will be extended for a period of 10 days from the date of the filing of the order herein to give the petitioner an opportunity to make application to a judge of the Circuit Court of Appeals, if he be so advised, for the allowance of a writ of error and supersedeas.

## NOTE.

STONE, Circuit Judge. Allowance of writ of error and supersedeas are this 23d day of October, 1923, denied for the reasons stated in the memorandum heretofore filed by Judge McGEE herein.