### FARINELLI v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 24, 1924.)

No. 4175.

1. **Intoxicating liquors** ⟷198—Omission of name of one defendant in affidavit held not to leave information unsupported by affidavit.

Where plaintiff in error and B. were jointly charged in information on which warrant was issued with violating National Prohibition Act, tit. 2, §§ 3, 21 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½jj) while in the supporting affidavit the information was referred to as "the foregoing information charging B. with violation of section 3," *held*, that the omission of the name of plaintiff in error in the affidavit did not leave the information as to him unsupported by an affidavit, as required by Const. Amend. 4.

2. **Criminal law** ⟷211(2)—Absence of affidavit held not to warrant setting aside conviction.

The absence of an affidavit to an information on which a warrant of arrest has been issued is not a ground for setting aside a conviction subsequently had of the offense charged in the indictment.

3. **Criminal law** ⟷1121(2)—No review of sufficiency of evidence, where record does not contain all evidence.

Where the bill of exceptions does not purport to and does not in fact contain all the testimony in the case, the Circuit Court of Appeals cannot say that there was no evidence to sustain the verdict.

In Error to the District Court of the United States for the Southern Division of the Southern District of California.

Joseph Farinelli and another were convicted of violating the National Prohibition Act, and the named defendant brings error. Affirmed.

Kelby & Lawson and Samuel M. Garroway, all of Los Angeles, Cal., for plaintiff in error.

Joseph C. Burke, U. S. Atty., of Los Angeles, Cal., and J. E. Simpson, Asst. U. S. Atty., of El Centro, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error and Pat Bowes were jointly charged by information with violations of sections 3 and 21, title 2, of the National Prohibition Act (Comp. St. Ann. Supp.

---

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1923, §§ 10138½aa, 10138½jj). Attached to the information was the affidavit of a federal prohibition agent, deposing that the matters and things therein contained were "true in substance and in fact." In the affidavit the information is referred to as "the foregoing information charging Pat Bowes with violation of section 3," etc., and the name of the plaintiff in error does not appear in the affidavit. The plaintiff in error moved to quash the information for want of the affidavit requisite to support a warrant of arrest. The motion was denied, and the case went to trial, but the objection was again raised on a motion in arrest of judgment. Both the defendants so charged in the information were found guilty by the verdict of the jury, and sentence was imposed accordingly.

[1] The plaintiff in error insists that the judgment should be reversed for violation of his constitutional rights under the Fourth Amendment, in that a warrant was issued for his arrest upon an information which was not verified under oath. We think the affidavit should be taken as an affirmance of the truth of the matters and things charged in the information against both the defendants named therein. The affiant's description of the information as an "information charging Pat Bowes" was evidently adopted only for the purpose of identifying the information and without intention to confine the facts stated in the affidavit to the charge as it affected the defendant Bowes, and the omission of the name of the plaintiff in error in such reference to the information did not, we think, have the effect to leave the information as to him unsupported by affidavit.

[2] But, however that may be, we are of the opinion that the absence of an affidavit to an information upon which a warrant of arrest has been issued is not ground for setting aside a conviction subsequently had of the offense charged in the information. The constitutional rights so invaded by arrest may be protected by appropriate remedies, directed against the writ; but it does not follow, from the mere fact that the accused has been illegally arrested upon an information, that a conviction and sentence upon the information was void. Weeks v. United States, 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524; Brown v. United States, 257 Fed. 703, 168 C. C. A. 653; Kelly v. United States, 250 Fed. 947, 163 C. C. A. 197; Abbott Bros. Co. v. United States, 242 Fed. 751, 155 C. C. A. 339; United States v. Simon (D. C.) 248 Fed. 980; United States v. Newton Tea & Spice Co. (D. C.) 275 Fed. 394; United States v. Illig (D. C.) 288 Fed. 939; United States v. McDonald (D. C.) 293 Fed. 433; Morgan v. United States (C. C. A.) 294 Fed 82.

[3] It is contended that there was no evidence to connect the plaintiff in error with the sales of intoxicating liquor made upon his premises by his codefendant, Pat Bowes. No motion was made in the court below for a directed verdict in favor of the plaintiff in error, and no exception was taken to the charge of the court, in which the jury were told that, if the plaintiff in error was a party to the sales, or knew thereof, or encouraged or consented in any way thereto, and the jury were convinced thereof beyond a reasonable doubt, they should find him guilty, but that, if the sales were made by Bowes with-

out the knowledge of the plaintiff in error, or without any understanding between him and Bowes, and without his participation in the general program of having liquor sold there, the plaintiff in error should be acquitted. Said the court:

"A man cannot run a restaurant, and know that liquor is being sold by his waiters as people come in, and consent to it, and have knowledge of its going on, and then claim exemption because somebody else made the same."

The bill of exceptions here contains the evidence only so far as it related to exceptions taken in the course of the trial. It does not purport to, and does not in fact, contain all of the testimony in the case. There is nothing in the record, therefore, upon which this court is authorized to say that there was no evidence to sustain a verdict against the plaintiff in error.

The judgment is affirmed.