### JORDAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 2, 1924.)

No. 4187.

1. **Indictment and information** ⊂⊃196(4)—**Objection to sufficiency of verification of information is waived by going to trial thereon.**

   By going to trial on an information without objection, defendant waives his right to challenge the sufficiency of the verification.

2. **Indictment and information** ⊂⊃52(1)—**Conviction may be had on information not verified.**

   Trial and conviction may be had on an information which is without verification.

3. **Intoxicating liquors** ⊂⊃17—**Provisions of National Prohibition Act, making possession unlawful, constitutional.**

   The provisions of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), making possession of intoxicating liquors unlawful, are within the powers of Congress, constitutional, and valid.

In Error to the District Court of the United States for the Central Division of the District of Idaho; Frank S. Dietrich, Judge.

Criminal prosecution by the United States against Zan Jordan. Judgment of conviction, and defendant brings error. Affirmed.

J. H. Forney, of Moscow, Idaho, for plaintiff in error.

E. G. Davis, U. S. Atty., and Wm. H. Langroise, Asst. U. S. Atty., both of Boise, Idaho, and J. H. McEvers, Asst. U. S. Atty., of Pocatello, Idaho.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted and sentenced upon two counts of an information which charged him with unlawful sale and the unlawful possession of intoxicating liquor.

It is contended that the affidavit in verification of the information was wholly insufficient to warrant the arrest and trial of the plaintiff in error. The question whether it was insufficient to warrant his arrest is not before us. No attack is or was made upon the warrant of arrest.

[1, 2] On the trial no objection was made to the information for want of verification or upon any ground. By going to trial on the information, without objection, the plaintiff in error waived his right to challenge the sufficiency of the verification. Simpson v. United States, 241 Fed. 841, 154 C. C. A. 543; Abbott Bros. Co. v. United

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

States, 242 Fed. 751, 155 C. C. A. 339; Wilson v. United States (C. C. A.) 275 Fed. 307; United States v. M'Donald (D. C.) 293 Fed. 433. And it is well settled that a trial and conviction may be had upon an information which is without verification. Kelly v. United States, 250 Fed. 947, 163 C. C. A. 197; Brown v. United States, 257 Fed. 703, 168 C. C. A. 653; Weeks v. United States, 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524.

[3] The further contention is made that the provision of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) which declares punishable the unlawful possession of intoxicating liquor is unconstitutional, for the reason that it is not authorized by any of the provisions of the Eighteenth Amendment. The question has been before this court, and decided adversely to the contention, in Page v. United States, 278 Fed. 41, and the same has been held in United States v. Murphy (D. C.) 264 Fed. 842, Rose v. United States (C. C. A.) 274 Fed. 245, and Massey v. United States (C. C. A.) 281 Fed. 293.

We find no error. The judgment is affirmed.