## POLESKEY v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 16, 1925.)

No. 3451.

Indictment and information ⬅196(4)—Insufficiency of affidavit or absence thereof immaterial, where defendant waived issuance and service of warrant.

Where defendant waived issuance and service of warrant, and proceeded to trial, insufficiency of affidavit attached to information signed by United States district attorney, or absence thereof, was immaterial.

In Error to the District Court of the United States for the Eastern District of Illinois.

John Poleskey, alias John Powell, was informed against for possession and sale of intoxicating liquor and for maintenance of a common nuisance in violation of the National Prohibition Act. His motion to quash the information was denied, and he brings error. Affirmed.

Kevin Kane, of East St. Louis, Ill., for plaintiff in error.

L. V. Walcott, of East St. Louis, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PER CURIAM. Over his signature as United States district attorney, W. O. Potter, in the Eastern district of Illinois, filed information against plaintiff in error, charging, in separate counts, possession and sale of intoxicating liquor and maintenance of a common nuisance in violation of the National Prohibition Act (Comp. St. Supp. 1923, § 10138¼ et seq.). From the information it appeared that O. and R. M. Jones had made affidavit of a sale to them by plaintiff in error of spirits containing more than one-half of 1 per cent. of alcohol by volume. The affidavit accompanied the information and was sworn to before a notary public.

After motion to quash for various reasons assigned, a cross-motion of the district attorney was allowed, and the witnesses who

had made oath before a notary public resubscribed and reswore to the affidavit attached to the information before a deputy United States ·clerk. Thereupon plaintiff in error's motion to quash was refiled and denied. The issuance of a warrant and the arrest thereunder, after the amendment, was waived in open court.

The only error urged is that the affidavit was insufficient in substance. By waiving the issuance and service of the warrant, and by going to trial after the amendment, it became immaterial whether the affidavit was good or whether there was any affidavit. The information, signed by the United States district attorney, was sufficient. Abbott Bros. Co. v. U. S., 242 F. 751, 155 C. C. A. 339 (7th C. C. A.); Weeks v. U. S., 216 F. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524 (2d C. C. A.), where the authorities pertaining to a criminal information are discussed at great length; Farinelli v. U. S., 297 F. 198 (9th C. C. A.); U. S. v. McDonald (D. C.) 293 F. 433. See, also, Schmidt v. U. S., 2 F.(2d) 367 (7th C. C. A.).

Judgment is affirmed.