**DISMONE v. UNITED STATES.** *

(Circuit Court of Appeals, Eighth Circuit. February 23, 1926.)

No. 6102.

1. **Criminal law ⬦1045—Motion for restoration of liquor seized, because taken without search warrant, not ruled on by trial court, presents no question to Circuit Court of Appeals.**

Motion filed in District Court for restoration of liquor seized, on ground that it had been taken without search warrant, which was not ruled on by trial court, presents no question for Circuit Court of Appeals.

2. **Criminal law ⬦1032(4)—Objection to information, in that affidavit was not sufficiently specific, held waived by proceeding to trial without objection, and does not present question to Circuit Court of Appeals.**

Objection to information on alleged ground that affidavit in support of information was not sufficiently specific, thereby depriving defendant of constitutional rights, even though containing merit, was waived by proceeding to trial

*Rehearing denied April 28, 1926.

without calling attention of trial court thereto, and does not present question of insufficiency of information to Circuit Court of Appeals.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Tony Dismone was convicted of unlawful possession of intoxicating liquors, and sale of intoxicating liquor for beverage purposes, and he brings error. Affirmed.

Eugene D. Andrews, of St. Louis, Mo. (Arthur Stahl, of St. Louis, Mo., on the brief), for plaintiff in error.

C. J. Stattler, Asst. U. S. Atty., of St. Louis, Mo.

Before STONE, KENYON, and BOOTH, Circuit Judges.

KENYON, Circuit Judge. Plaintiff in error was convicted in the United States District Court for the Eastern Division of the Eastern District of Missouri on both counts of an information, alleging in count 1 the unlawful possession of certain intoxicating liquors in St. Louis, Mo., and in count 2 a sale to one Thomas J. O'Leary for beverage purposes of intoxicating liquor containing more than one-half of 1 per cent. of alcohol by volume. The information was supported by an affidavit of one Felix W. Lauer. Defendant was found guilty by the jury on both counts of the information, was not sentenced on the first count, and on the second or sales count was sentenced to a term of six months in the St. Charles county jail. He brings writ of error to this court.

[1, 2] A motion was filed in the District Court, before the trial of the case, for a restoration of liquor seized, on the ground that the same had been taken without a search warrant in violation of defendant's constitutional rights. This motion was not ruled on by the trial court, and there is no question before us with reference thereto. In any event the evidence so alleged to have been secured related only to count 1, for the conviction on which no sentence was imposed. It is also urged that the affidavit of Felix W. Lauer in support of the information was not sufficiently specific, and that in some way plaintiff in error has thereby been deprived of some constitutional rights. It is to be observed that no objection of any kind was made to the information in the trial court. There was no motion to quash; no demurrer; no application for any bill of particulars; no challenge thereto in any way. Defendant went to trial on this information, was convicted, and now for the first time

seeks to raise in this court the question that the court could not legally try the case, because the affidavit attached to the information was not sufficiently specific. Certainly the information was not void. Were there any merit in the point now raised, it was waived by proceeding to trial without in any way calling the attention of the trial court thereto, and therefore the question of the insufficiency of the information is not before us. Jordan v. United States (C. C. A.) 299 F. 298; Farinelli v. United States (C. C. A.) 297 F. 198; Wilson et al. v. United States (C. C. A.) 275 F. 307; Abbott Bros. Co. v. United States, 242 F. 751, 155 C. C. A. 339; Simpson v. United States, 241 F. 841, 154 C. C. A. 543. We regard the questions raised by this writ of error as technical, trivial, and devoid of merit.

The judgment is affirmed.