## RULER v. UNITED STATES.
### No. 8940.

Circuit Court of Appeals, Eighth Circuit.
March 6, 1931.
Rehearing Denied April 24, 1931.

T. J. Hoolan, of St. Louis, Mo., for appellant.

Louis H. Breuer, U. S. Atty., of Rolla, Mo., and Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo.

Before STONE and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

STONE, Circuit Judge.

On a plea of guilty to one count of an indictment charging sale of intoxicants on January 18, 1930, appellant was sentenced to a fine and to a sentence of a year and a day in the penitentiary at Leavenworth. From that judgment he appeals.

The first matter presented here is the validity of the so-called Jones Act (45 Stat. 1446 [27 USCA §§ 91, 92]). This validity is challenged on the grounds that the act is "vague and uncertain" and fails to define "slight" or "casual" offense; that it delegates legislative power to the courts. Both of these matters have been determined adversely to appellant by this court. McElvogue v. U. S., 40 F.(2d) 889.

The other matter presented is an attack upon the indictment because it does not charge the accused with "habitual sales" or attempts to commercialize violations of the law. This exact point has been ruled against appellant in Husty v. U. S., 51 S. Ct. 240, 75 L. Ed. —— (February 24, 1931), and in the McElvogue Case. Another consideration in connection with the attack upon the indictment is that, while a demurrer to this count of the indictment was filed charging the same to be indefinite, uncertain, duplicitous, and stating no offense, yet it was never presented to the trial court and the plea of guilty was afterwards entered. This was an abandonment of the demurrer. For the first time, seriously, the sufficiency of the indictment is attacked in this court. It cannot be and is not contended here that this count of the indictment does not state an offense. The argument is that it lacks the above allegations which, it is claimed, are necessary to bring it under the Jones Act. In this situation we seriously doubt the right of appellant, after plea of guilty, to attack the indictment on the above grounds for the first time in this court. Dismone v. U. S., 12 F.(2d) 63, this court.

The judgment is affirmed.